**John W. ORWICK, individually and on behalf of all other persons similarly situated, Plaintiff,**

**v.**

**STATE BOARD OF EDUCATION et al., Defendants.**

**Civ. No. 3–70–41.**

United States District Court, D. Idaho.

Feb. 16, 1972.

Dale G. Higer, Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, Idaho, for plaintiff.

Charles W. Fawcett, Staff Atty., Lewis-Clark Legal Services, Inc., Lewiston, Idaho, for defendants.

Before Koelsch, Circuit Judge, and Taylor and McNichols, District Judges.

## MEMORANDUM DECISION AND ENTRY OF SUMMARY JUDGMENT

### PER CURIAM:

John W. Orwick is presently a student at the University of Idaho, a tax supported state institution of higher learning. Plaintiff is and has been registered in a nonresident category since the fall semester of 1964. This registration and the subsequent regular attendance has been uninterrupted to the present time except for the spring semester of 1969 and the summer of that year, a period of nonattendance in excess of six months.

Orwick has physically resided in the State of Idaho continuously from the fall of 1964, and continues to so reside. It is undisputed that he has been so domiciled, that he is registered to vote in Idaho, that he has an Idaho driver's license, that he pays taxes to the State of Idaho and has generally conducted himself in a manner characteristic of residents. This course of conduct has been consistent since his first arrival in the State in 1964. However, the authorities at the University continue to classify him as a nonresident and to charge the nonresident tuition fees when he presents himself for re-registration each semester.

This action is brought pursuant to the provisions of 28 U.S.C. § 1343; 42 U.S. C. § 1983; and 28 U.S.C. § 2281 et seq., seeking to have a three-judge court declare invalid and enjoin enforcement of Idaho Code, § 33–3717 and its predecessor statute, Idaho Code, § 33–2817, as well as various regulations promulgated thereunder by the Board of Regents of the University of Idaho. The statutes and regulations under attack form the basis for the out-of-state resident tuition charge assessed to nonresident registrants at all state institutions of higher learning in the State of Idaho.

The specific provisions of Idaho Code, § 33–3717 relevant to a consideration of the issues before us is abstracted as follows:

"(2) For purposes of this section, a resident student is:

"(a) . . .

"(b) Any student, legal voting age or older, who has continuously resided in the state of Idaho for six (6) months next preceding the opening day of the period of instruction during which he proposes to attend the college or university. Provided, however, that no student shall be deemed to have gained residence while attending any college or university in the state of Idaho."

Plaintiff seeks, as a part of his complaint, to represent not only himself but a class of persons made up of similarly situated students in the State of Idaho all as contemplated by Rule 23, Federal Rules of Civil Procedure.

A three-judge court was duly impaneled. Affidavits and depositions have been filed, briefs furnished and oral argument afforded. The matter is submitted to the Court on cross-motions for summary judgment.

We are mindful, as we approach a consideration of this matter, that courts ought not pass on the constitutionality of a statute unless the adjudication is unavoidable. Rosenberg v. Fleuti, 374 U.S. 449, 451, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963); United States v. Raines, 362 U.S. 17, 21, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960); Alma Motor Co. v. Timken-Detroit Axle Co., 329 U.S. 129, 135, 67 S.Ct. 231, 91 L.Ed. 128 (1946); Spector Motor Co. v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 89 L.Ed. 101 (1944). Likewise we recognize the well-established rule that one seeking to put in issue the constitutionality of a statute must clearly show that he is a person aggrieved by the operation of that statute. Barrows v. Jackson, 346 U.S. 249, 255, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953); Alabama State Federation of Labor, etc. v. McAdory, 325 U.S. 450, 463, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945); Erwin v. Cranquist, 253 F.2d 26, 27 (9th Cir. 1958).

A conscientious adherence to these tenets of law dictates the disposition we make of this case.

It is uncontroverted that Orwick continuously resided in the State of Idaho for a period of six months next preceding the fall term of the University in September of 1969, during which time he was not enrolled as a student at any college or university. Thus, under any reasonable interpretation of Idaho Code, § 33–3717, he was clearly qualified for admittance at the University as a resident student, not subject to out-of-state tuition, for the fall term of 1969. Yet for some reason best known to the plaintiff he did not then make, nor has he since made, application for resident status based on this state of facts.[1] Had he done so we entertain no doubt that he would have been admitted without the payment of nonresident tuition fees.

At argument, plaintiff's counsel, while not conceding this point, contended that in any case the statute continued to bar Orwick from resident status because of the language ". . . resided in the State of Idaho for six (6) months *next preceding the opening day of the period of instruction during which he proposes to attend . . .*" (I.C. § 33–3717, supra). It is argued that since plaintiff did not obtain the resident status in September, 1969, that he would now have to establish a new six months' non-student period of residence in order to qualify under the statute. Suffice to say, we are unable to accept such a restricted interpretation of legislative intent.

We hold that the plaintiff is not a person adversely affected by the statute involved as he is eligible for admission to the University as a resident student. He is therefore not a person aggrieved by the operation of the statute and has no standing to maintain this action on his own behalf or that of any class of persons similarly situated.

There exists no genuine issue as to any material fact and the defendants are entitled to summary judgment. Rule 56, Federal Rules of Civil Procedure.

---

1. Plaintiff did apply for resident status based on an alleged marriage to an Idaho resident which was rejected for failure of the plaintiff to produce evidence of the marriage satisfactory to the University registrar. At argument, plaintiff stated that he no longer relied on this ground for admission as a resident.