818 P.2d 334

**Judy Dianne KUKURUZA, Plaintiff–Respondent,**

v.

**Steven D. KUKURUZA, Defendant–Appellant.**

**No. 18619.**

Court of Appeals of Idaho.

July 3, 1991.

Petition for Review Withdrawn Oct. 31, 1991.

Dan J. Rude, Coeur d'Alene, for defendant-appellant.

Alan M. Wasserman, Idaho Legal Aid Services, Inc., Coeur d'Alene, for plaintiff-respondent.

SWANSTROM, Judge.

This appeal concerns review of a district court's appellate order affirming a magistrate's denial of a Rule 60(b)(4) motion filed by Steven Kukuruza. Through his motion, Steven sought to have a part of the divorce decree set aside on the ground that the judgment was void. *See* I.R.C.P. 60(b)(4). Specifically, Steven contended that the clause in the property settlement agreement, which was fully incorporated into the divorce decree and provided for a ten percent per year increase in the child support, was unenforceable. When the magistrate declined to amend the decree pursuant to

Steven's motion, Steven appealed first to the district court, and he filed this appeal after the district court affirmed the magistrate's decision. We also affirm.

On appeal from a district court's review of a determination made by a magistrate, we examine the record of the trial court independently of, but with due regard for, the district court's appellate decision. *Robinson v. Joint School District No. 331,* 105 Idaho 487, 670 P.2d 894 (1983); *Harney v. Weatherby,* 116 Idaho 904, 781 P.2d 241 (Ct.App.1989). Whether relief from the Rule 60(b)(4) motion should have been granted is a question of law, upon which we exercise free review. *Knight Ins., Inc. v. Knight,* 109 Idaho 56, 704 P.2d 960 (Ct.App.1985). The voidness of a judgment, raised by a Rule 60(b)(4) motion, creates a nondiscretionary entitlement to relief. *Id.* at 59, 704 P.2d at 963. *See also* 11 Wright & Miller, Federal Practice and Procedure: Civil § 2862, p. 197, (1973) (there is no question of discretion on the part of the court when a motion is under Rule 60(b)(4)); *Austin v. Smith,* 312 F.2d 337 (D.C.Cir.1962); *Hicklin v. Edwards,* 226 F.2d 410 (8th Cir.1955); *Shannon v. Norman Block, Inc.,* 106 R.I. 124, 256 A.2d 214 (1969); *Emery v. Emery,* 404 P.2d 745 (Wyo.1965).

Judy and Steven Kukuruza, in April, 1982, entered into a property settlement agreement which provided for custody of the five minor children to Judy, with Steven obligated to pay child support of $50 per month per child. The agreement further specified increases that were to occur in the event Steven's net income rose above $20,000. Finally, the agreement stated: "[t]he Husband agrees that child support shall increase ten percent per year effective May 1, 1983." The agreement was adopted in its entirety and made a part of the divorce decree. Judy obtained the divorce; Steven's participation was limited to the agreement, and the decree recited that the judgment was being entered as a default.

In February, 1989, nearly seven years after the entry of the judgment, Steven

petitioned the court, through his Rule 60(b)(4) motion, to vacate that part of the decree calling for the yearly ten percent increase of the child support. This appeal is limited to the narrow issue of whether the magistrate erred as a matter of law in denying the motion for relief from the 1982 decree of divorce pursuant to Steven's claim that the judgment was void.

In his brief, however, Steven argues that it was error for the magistrate to approve and include as part of the decree the ten percent per year increase in child support. Steven disputes that the court had substantial evidence to support its findings that this provision, which the magistrate called an "inflation factor," could be reconciled with the balance of the child support provisions. A Rule 60(b) motion, however, is not a substitute for direct appeal, *Dustin v. Beckstrand*, 103 Idaho 780, 654 P.2d 368 (1982), and these arguments beg the question. Finally, Steven asserts that such a ten percent per year increase was beyond the jurisdiction of the court, and, therefore, void.

To be entitled to relief under I.R.C.P. 60(b)(4), the moving party must allege grounds and plead facts showing that the judgment is void. For a judgment to be considered void, there generally must be some jurisdictional defect in the court's authority to enter judgment, because the court lacks either personal jurisdiction or subject matter jurisdiction. *Catledge v. Transport Tire Co., Inc.*, 107 Idaho 602, 691 P.2d 1217 (1984), *citing First Security Bank v. Neibaur*, 98 Idaho 598, 570 P.2d 276 (1977); *Puphal v. Puphal*, 105 Idaho 302, 669 P.2d 191 (1983).

We are, however, presented with no facts supporting the existence of a jurisdictional defect. The record contains an acknowledgment of service signed by Steven, giving the court jurisdiction over his person. Clearly, the magistrate had subject matter jurisdiction to hear and decide child support obligations in a divorce. Consequently, that court's "final judgments, *whether right or wrong*, are not subject to collateral attack, so far as jurisdiction over the subject matter is concerned." *Gordon v. Gordon*, 118 Idaho 804, 800 P.2d 1018 (1990), *quoting* 7 Moore's Federal Practice and Procedure, § 60.25[2], p. 60–225–230

(1990) (emphasis added.). Our Supreme Court in *Gordon* ruled that subject matter jurisdiction of the court is not divested by a judgment that incorrectly interprets a rule of law. *Id.* In this case, jurisdiction has been conclusively established, and the judgment against Steven is valid. *See generally*, RESTATEMENT (SECOND) OF JUDGMENTS § 65 (1982). Therefore, we also dismiss Steven's third argument, that the judgment/decree of divorce is void. Any defect in the judgment, if one exists (and which we need not address here), is not jurisdictional, and we have no duty to remand for an alternate disposition of the Rule 60(b)(4) motion. We affirm the district court's appellate decision which upheld the order of the magistrate denying relief pursuant to Rule 60(b)(4).

Respondent has requested an award of attorney fees incurred in this appeal, under I.C. § 12–121, contending that this appeal was brought without foundation. We agree that the appeal was without foundation, entitling the respondent to an award of attorney fees and costs under I.C. § 12–121, to be determined according to I.A.R. 40 and 41. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). Accordingly, we award costs and attorney fees to respondent, Judy Kukuruza, on appeal.

WALTERS, C.J., and SILAK, J., concur.