912 P.2d 687

George C. DUFUR and Lorna G. Dufur, husband and wife, Plaintiffs–Appellants–Cross Respondents,

v.

NAMPA & MERIDIAN IRRIGATION DISTRICT, Defendant–Respondent–Cross Appellant,

and

Henry Weick and Daren R. Coon, in their capacities as President and Secretary, respectively, of Nampa & Meridian Irrigation District, and M.L. Bronson, an individual, Defendants.

George C. DUFUR and Lorna G. Dufur, husband and wife, Plaintiffs–Respondents,

v.

NAMPA & MERIDIAN IRRIGATION DISTRICT, Defendant–Appellant,

and

M.L. Bronson, an individual, Defendant–Respondent,

and

Henry Weick and Daren R. Coon, in their capacities as President and Secretary, respectively, of Nampa & Meridian Irrigation District, Defendants.

Nos. 21377, 22055.

Court of Appeals of Idaho.

March 8, 1996.

Jim Jones & Associates, Boise, for appellants. John C. McCreedy argued.

Ringert & Clark, Chtd., Boise, for respondent. William F. Ringert argued.

WALTERS, Chief Judge.

Before this Court are two appeals originating from the same civil action. In the district court, George C. and Lorna G. Dufur, husband and wife, sought a declaration that the statutory procedures used by the Nampa & Meridian Irrigation District (Irrigation District) to foreclose on the Dufurs' real property were unconstitutional. The Dufurs sought recovery of their real property, damages, costs and attorney fees. In case no. 21377, the Dufurs appeal from the district court's order denying their motion for attorney fees pursuant to 42 U.S.C. § 1988 and the Private Attorney General Doctrine. The Irrigation District cross-appeals. In case no. 22055, the Irrigation District appeals from an order of the district court denying the Irrigation District's postjudgment motion under I.R.C.P. 60(b)(4) to set aside the court's determination that the statutory foreclosure procedures were unconstitutional. On that appeal, the Irrigation District contends that the court's decision was void for lack of jurisdiction. For the reasons set forth, we affirm the orders and judgment of the district court in both cases.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Dufurs owned real property located within the Nampa & Meridian Irrigation District. During their ownership of the real property, the Dufurs never received irrigation water nor did they utilize water in any other form supplied by the district. However, the Irrigation District annually billed the Dufurs for a portion of the district's maintenance cost.

In 1988, the Dufurs failed to pay the Irrigation District's assessment in the sum of $21.87. They also failed to pay assessments levied against them in 1989, 1990 and 1991. The Irrigation District undertook statutory collection proceedings by publishing notice of the unpaid 1988 irrigation assessment, in the local newspaper circulated in the county, for

three consecutive weeks in September of 1991. A copy of the published notice of delinquency was sent by registered mail to the Dufurs, at which time the Irrigation District also informed the Dufurs that they had until July 29, 1992, to pay the delinquent assessments in order to redeem the property. They were also informed by the Irrigation District that the property would be sold at a tax deed auction on August 18, 1992, if the assessments were not paid. The Dufurs failed to pay the assessments. A tax deed was executed and delivered to the Irrigation District by Daren R. Coon, an officer of the Irrigation District. Then, on August 18, 1992, the Irrigation District executed and delivered a deed to M.L. Bronson at a public auction, in exchange for $400.

The Dufurs filed a complaint on March 11, 1993, alleging that the statutory procedures used by the Irrigation District to foreclose on their property were unconstitutional because the procedures employed did not afford the Dufurs adequate notice and a meaningful opportunity to be heard before depriving them of their property interests. They asserted that, as a result, the tax deeds were void or voidable and subject to cancellation by the court. The Dufurs also requested costs and attorney fees pursuant to 42 U.S.C. § 1988, and damages against the respondents in specified amounts.

In June and again in July 1993, the Dufurs filed motions for partial summary judgment with regard to their due process allegations, asserting that I.C. §§ 43–712, 43–716, 43–717 and 43–724 were facially unconstitutional. On August 30, 1993, after a hearing, the district court held that all of the statutes, except I.C. § 43–712, were unconstitutional because they failed to provide minimum constitutional due process protection.[1] The court did not decide the issues of title, damages, costs and attorney fees because those claims were not raised by the Dufurs in their summary judgment motions.

On September 8, 1993, the Dufurs filed another motion for partial summary judgment based upon the court's August 30, 1993,

---

1. Idaho Code §§ 43–716 and 43–717 were subsequently amended by the Idaho State Legislature in 1994. 1994 Sess.Laws, ch. 144, § 3 and § 5, respectively.

decision and order. This motion asserted that because the court had declared unconstitutional the foreclosure procedure established by the noted statutes, the court should also declare the tax deeds null and void, thereby quieting title in favor of the Dufurs. On November 19, 1993, the Dufurs filed a motion for an award of attorney fees, pursuant to 42 U.S.C. § 1988, again based on the August 30, 1993 order. In an order and judgment filed on March 15, 1994, the court granted the Dufurs' motion for partial summary judgment, declared the tax deeds null and void and restored title to the property in the Dufurs. The court also denied any claim for damages under 42 U.S.C. § 1983. Later, in an order dated April 26, 1994, the court held that each party was to "bear their own costs and attorney's fees."

The Dufurs appealed from the April 26 order denying an award of attorney fees, and the Irrigation District cross-appealed. These claims are now before this Court as case no. 21377.

During the appellate briefing schedule process in case no. 21377, the Irrigation District filed a motion in the district court, pursuant to I.R.C.P. 60(b)(4), seeking to vacate in part the district court's March 15, 1994, order. The motion was directed at the court's declaration that the tax deeds were null and void, the revestment of title to the property in the Dufurs, and the award of damages to the Dufurs. The district court denied the motion following a hearing, and the Irrigation Dis-

trict appealed. This appeal was assigned case no. 22055. The appeals have been consolidated for review.

## II. DISCUSSION

We deem it appropriate to begin our discussion with the issues raised in case no. 22055.

### A. Irrigation District's Appeal, Case No. 22055

The Irrigation District argues that the district court abused its discretion in not setting aside the order and judgment filed on March 15, 1994, as void pursuant to I.R.C.P. 60(b)(4).[2] The Irrigation District asserts that: (1) the district court lacked subject matter jurisdiction to consider the constitutionality of I.C. §§ 43–716, 43–717 and 43–724; (2) the Dufurs failed to allege their constitutional deprivation with particularity as required pursuant to I.R.C.P. 9(b); (3) the Dufurs had the right to present their objections to the Board of Directors of the Irrigation District, sitting as a board of correction under I.C. § 43–703 and, by failing to do so, did not preserve for consideration by the district court any issue as to the correctness of the assessment; (4) the Dufurs did not suffer any injury because they did not have any valid defenses to present at a hearing, if one had been required; and (5) the court exceeded its jurisdiction by ordering payments pursuant to I.C. § 43–726.[3] Finally,

---

**2.** Rule 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

**3.** Prior to the 1994 amendments to this statute, 1994 Sess.Laws, ch. 144, § 7, Idaho Code § 43–726 provided:

Every action, suit or proceeding which may be commenced for the purpose of determining the validity of the sale of land for district assessments, brought by the original owner thereof or his assigns against the purchaser at such sale or his assigns, or to quiet title against the same, or to remove the cloud thereof, or to recover the possession from the purchaser in possession of lands so sold, its or his successors or assigns, shall be commenced within two (2) years from the date of the expiration of the period of redemption allowed by law in the case of any such sale, and not otherwise, except in cases where the assessment for which the land was sold had been paid before the sale or the land redeemed after the sale, or the lands were not subject to taxation at the time of the assessment; and in every such action,

the Irrigation District requests an award of attorney fees on appeal against the Dufurs.

### 1. I.R.C.P. 60(b)(4)

 A motion to set aside an allegedly void judgment is addressed to the sound legal discretion of the trial court and will not be reversed unless an abuse of discretion clearly appears. *Catledge v. Transport Tire Co., Inc.*, 107 Idaho 602, 607, 691 P.2d 1217, 1222 (1984). To hold that a judgment is void under I.R.C.P. 60(b)(4), there generally must be some jurisdictional defect in the court's authority to enter judgment, because the court lacks either personal jurisdiction or subject matter jurisdiction. *Id.; Puphal v. Puphal*, 105 Idaho 302, 306, 669 P.2d 191, 195 (1983); *Kukuruza v. Kukuruza*, 120 Idaho 630, 632, 818 P.2d 334, 336 (Ct.App.1991). The party seeking to set aside the judgment pursuant to I.R.C.P. 60(b) bears the burden of proving its right to relief. *In the Matter of Adoption of A Male Child*, 102 Idaho 225, 226–27, 628 P.2d 1059, 1060–61 (1981), *citing Pullin v. City of Kimberly*, 100 Idaho 34, 592 P.2d 849 (1979).

 The record shows that the Irrigation District gave the Dufurs notice of the tax deed auction, but did not provide them with a hearing prior to taking possession of the Dufurs' real property interests. The right to enjoy property without unlawful deprivation is a "personal" right which has long been recognized. *Lynch v. Household Finance Corp.*, 405 U.S. 538, 552, 92 S.Ct. 1113, 1121, 31 L.Ed.2d 424 (1972). Both notice and a hearing are required under the Fourteenth Amendment before such a deprivation of an individual's property takes place. *Fuentes v. Shevin*, 407 U.S. 67, 81–82, 92 S.Ct. 1983, 1994–95, 32 L.Ed.2d 556 (1972). The purpose of these requirements is not only "to ensure abstract fair play to the individual" but to also protect the individual's use and possession of property from arbitrary encroachment. *Id.* at 81, 92 S.Ct. at 1994. Furthermore, the right to be heard does not depend upon an advance showing that one will prevail at the hearing. *Id.* at 87, 92 S.Ct. at 1997.

 After reviewing the record, we hold that the Irrigation District has not established the existence of a jurisdictional defect. The facts are undisputed. The Dufurs simply were not given an opportunity to be heard before being deprived of their property interests. Contrary to the Irrigation District's arguments, the Dufurs alleged their constitutional deprivation with particularity before the district court, and the Dufurs' injury was not dependent on their ability to prevail at a hearing. Furthermore, the question raised by the Irrigation District is one relating to the district court's authority, not the court's jurisdiction, and it is well settled that courts will rule on the constitutionality of a statute if the adjudication is unavoidable. *See e.g., Orwick v. State Bd. of Educ.*, 338 F.Supp. 739, 740 (D.C.Idaho 1972); *State v. Tracy*, 119 Idaho 1027, 1028, 812 P.2d 741, 742 (1991). We therefore conclude that the Irrigation District has not established that it was entitled to relief from the judgment and order of the district court on the ground that the judgment was void for lack of jurisdiction.

### 2. I.C. § 43–726

 The Irrigation District also asserts that the district court erroneously ordered various payments in a manner not in conformity with I.C. § 43–726, and that these portions of the order [4] should be void for lack

---

suit or proceeding, whether before or after the issuance of tax deed, the party claiming to be the owner as against a party claiming under said tax sale shall tender with the first pleading in such action, suit or proceeding (and) pay into court at the time of filing the same, the amount of the purchase price for which such lands were sold, together with all taxes and assessments which have been paid by the purchaser on said land after the tax sale, together with interest thereon at the rate of ten per cent (10%) per annum from the respective time of payment of such sums up to the time of filing of such pleading, the same, or such portion thereof as the court shall find to be just, to be paid to said purchaser, his heirs or assigns, in case the right or title of said purchaser shall fail in such suit, action or proceeding.

4. The portions of the district court's order, filed March 15, 1994, to which the Irrigation District refers are as follows:

5. That [the Irrigation District] have judgment against [the Dufurs] in the sum of $147.23, for unpaid maintenance assessments

of jurisdiction because: (1) former I.C. § 43–726 provided an exclusive statutory remedy and the district court did not have authority to award a different relief; and (2) the court did not have subject matter jurisdiction to award the relief granted.

> The Irrigation District contends that, under the statute, the Dufurs were required to:
>
> pay into Court the amount of the purchase price paid by Bronson, together with all taxes and assessments paid by Bronson on the land after the tax sale and interest at 10% from the respective time of payment of each sum up to the time of filing the complaint, and ... that the money [paid] into Court by the Dufurs, or such portion thereof as the Court shall find to be just, is to be paid to Bronson, in case [Bronson's] right or title shall fail in the action.

The Irrigation District argues further that it should retain whatever amount was paid by Bronson at the public auction sale, and that the portions of the district court's order which contradict the remedy provided by I.C. § 43–726 should be vacated. We will only address the issue of remedy inasmuch as we have already held that the court had jurisdiction to consider the matters before it.

Having reviewed the record, we reject the Irrigation District's argument that I.C. § 43–726 created an exclusive remedy. The Dufurs did not bring this litigation merely to question the constitutionality of the statutes at issue, but they also brought this action as owners seeking to quiet title and to recover damages. Because the noted statutes were found to be unconstitutional, the tax deeds were appropriately voided and title was restored to the Dufurs. We hold that the district court had the authority to fashion an equitable remedy in this quiet-title action, and that the court was not limited to the

unconstitutional statutory scheme relating to irrigation districts.

### B. Dufurs' Appeal, Case No. 21377

The sole issue in case no. 21377 is whether the district court erred in denying various requests for attorney fees. The Dufurs argue that, because the Dufurs were the prevailing party, the court abused its discretion by not awarding attorney fees to them against the Irrigation District, pursuant to 42 U.S.C. § 1988. They also submit that court erred in not awarding attorney fees to them under the Private Attorney General Doctrine.

The Irrigation District supports the district court's holding, and argues that the Dufurs are not entitled to attorney fees as requested because the Dufurs were not the prevailing party under 42 U.S.C. § 1988. On its cross-appeal, the Irrigation District contends that the court: (1) lacked jurisdiction to decide the constitutionality of I.C. §§ 43–716, 43–717 and 43–724 and, therefore, erred in determining that the tax deeds were null and void; (2) exceeded its jurisdiction by ordering payments contrary to the provisions of I.C. § 43–726; and (3) that the district court erred in denying the Irrigation District's request for attorney fees pursuant to I.C. § 12–123 and 42 U.S.C. § 1988. Both parties seek attorney fees on appeal; the Dufurs' request is under 42 U.S.C. § 1988 and the Irrigation District's request is under I.C. §§ 12–121 and 12–123 and 42 U.S.C. § 1988.

We have already discussed the jurisdictional issues. Accordingly, we now address only the issues raised with regard to the denial of an award of attorney fees.

### 1. 42 U.S.C. § 1988

 According to 42 U.S.C. § 1983, a person who is acting under color of state law

---

accruing against said property for 1991 and prior years, together with interest and penalties accrued thereon to the date of this Order and that said sum be adjudged a lien against the above-described real property until paid. This judgment shall in no way affect unpaid assessments, if any, accruing against the property for 1992 and subsequent years and the same shall be recoverable in accordance with [the] law.

6. That M.L. Bronson have judgment against [the Irrigation District] in the sum of $400, together with interest thereon at the rate of 10 percent per annum from August 18, 1992, to the date of this Order.

7. That the clerk of the above-entitled court forthwith remit to [the Dufurs] the deposit heretofore placed with the clerk in the sum of $500.

may not deprive another person of any civil rights secured by the United States Constitution. If a person is found to have deprived another individual of his or her civil rights, then, pursuant to 42 U.S.C. § 1988, the injured party would be entitled to an award of attorney fees. In relevant part, 42 U.S.C. § 1988(b) provides that:

In any action or proceeding to enforce a provision of sections 1977, 1977A, 1978, 1979, 1980 and 1981 of the Revised Statutes [42 U.S.C. §§ 1981–1983, 1985 and 1986], ... the court, in its discretion, may allow the *prevailing party*, other than the United States, a reasonable attorney's fee as part of the costs.

(emphasis added). *See also Lubcke v. Boise City/Ada County Hous. Auth.*, 124 Idaho 450, 468, 860 P.2d 653, 671 (1993). In order to be a prevailing party, "a civil rights plaintiff must obtain at least some relief on the merits of his claim." *Lubcke*, 124 Idaho at 468, 860 P.2d at 671. However, being the prevailing party only establishes eligibility to receive an award of attorney fees both at trial and on appeal. *Id.* The amount of fees awarded is determined by considering the extent of the plaintiff's success, *id.*, unless special circumstances exist that would make such an award unfair. *Shields v. Martin*, 109 Idaho 132, 141, 706 P.2d 21, 30 (1985); *Hale v. Walsh*, 113 Idaho 759, 771, 747 P.2d 1288, 1300 (Ct.App.1987). On appeal, the trial court's decision with regard to an award of attorney fees under 42 U.S.C. § 1988 is reviewed for an abuse of discretion. *Shields, supra.* In determining whether a lower court has abused its discretion, we undertake a three part inquiry: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of its discretion and consistently within the legal standards applicable to the specific choices available to it; and (3) whether the lower court reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

The district court determined that the Dufurs were not entitled to attorney fees under 42 U.S.C. § 1988 because they would not have prevailed against the Irrigation District under Section 1983. The Dufurs argue that the court erred because a violation of Section 1983 necessarily follows from the district court's conclusion that the statutory foreclosure procedures were unconstitutional, and from its decision to declare the tax deeds void and to revest title to the property in the Dufurs. The Dufurs contend that because they were the prevailing party, and because this case is the type of litigation where Congress intended an award of attorney fees, the court should have awarded fees to them.

The provisions of 42 U.S.C. § 1988 apply only when there has been a determination that a party has prevailed in the action, and it is well established that the determination of a prevailing party is within the trial court's discretion. Here, the district court determined that there was no overall prevailing party. Although the court revested title to the property in the Dufurs, the court also required the Dufurs to pay the irrigation assessments and associated costs. The district court specifically noted in its decision that it found the foreclosure procedures unconstitutional, not the assessments themselves. We agree with the district court that the Dufurs gained nothing more than what they would have retained had they timely paid the assessments which were owed on the property, before the assessments became overdue. The Irrigation District also received the money owed by the Dufurs for the assessments which were the subject of the tax sale.

We conclude that the district court did not abuse its discretion in determining that there was no prevailing party under 42 U.S.C. § 1983 and in refusing to award attorney fees pursuant to 42 U.S.C. § 1988.

### 2. Private Attorney General Doctrine

The Private Attorney General Doctrine is not embodied in any statute, but it was adopted by the Idaho Supreme Court in *Hellar v. Cenarrusa*, 106 Idaho 571, 682 P.2d 524 (1984). There are three factors to be considered in determining whether an award of attorney fees will be appropriate under this doctrine. The factors are: (1) the strength or societal importance of the public

policy indicated by the litigation; (2) the necessity for private enforcement and the magnitude of the resultant burden on the plaintiff; and (3) the number of people standing to benefit. *Taggart v. Highway Bd. for the N. Latah County Highway Dist.,* 115 Idaho 816, 818, 771 P.2d 37, 39 (1989).

 We agree with the district court that an award of attorney fees under this doctrine should not be granted automatically to a private plaintiff simply on the ground that a statute has been determined to be unconstitutional. Instead, it is necessary to apply the *Taggart* factors. Here, the actual number of people affected by the decision in this case appears very nominal. Next, the assessments themselves were not determined to be unconstitutional. Rather, the court found that the procedure for foreclosure based on the unpaid assessments and to sell the real property through the use of tax deeds was unconstitutional. Finally, the societal importance is negligible as well as was the number of people standing to benefit. After considering these factors, we uphold the district court's denial of the Dufurs' request for attorney fees pursuant to the Private Attorney General Doctrine.

### 3. I.C. § 12–123

The Irrigation District also requested attorney fees under I.C. § 12–123. Section § 12–123 provides for sanctions for frivolous conduct in a civil case. However, because the statutes providing for foreclosure were declared unconstitutional, the Dufurs' case cannot be considered frivolous. We agree with the district court that this section is inapplicable. Accordingly, we hold that the district court did not err in denying an award of attorney fees to the Irrigation District pursuant to I.C. § 12–123.

### III. CONCLUSION

We hold that the district court had jurisdiction to consider the matters before it in the action and that its orders and judgment therefore were not void for lack of jurisdiction. We also conclude that the court did not abuse its discretion in denying attorney fees pursuant to 42 U.S.C. § 1988 nor did it err in

denying attorney fees pursuant to the Private Attorney General Doctrine and I.C. § 12–123. The district court's orders are affirmed.

No costs or attorney fees are awarded on appeal in either case. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979).

PERRY, J., concurs.

LANSING, J., concurs in the result only.