# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41448

THE JIM & MARYANN PLANE FAMILY
TRUST, DATED JULY 23, 2012,

    Plaintiffs-Appellants,

and

F.H. CARLTON and THE F.H. CARLTON
FAMILY TRUST,

    Plaintiff,

v.

JASON & JANAE SKINNER, husband and
wife,

    Defendants-Respondents,

and

DORAN E. SMITH and JUDY E. SMITH,
husband and wife; KIM N. ERICKSON and
CYNTHIA ERICKSON, husband and wife;
and any and all persons claiming any interest
in and to the subject real property located in
Sec. 27, T16S, R43E, Boise Meridian, Bear
Lake County, State of Idaho,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Twin Falls, November 2014 Term

2015 Opinion No. 6

Filed:  January 23, 2015

Stephen Kenyon, Clerk

Appeal from the District Court of the Sixth Judicial District of the State of Idaho,
Bear Lake County.  Hon. Mitchell W. Brown, District Judge.

The judgment of the district court is <u>affirmed</u>.

Schroeder & Lezamiz Law Offices, LLP, Boise, for appellant.  W. Alan
Schroeder argued.

Racine Olson Nye Budge & Bailey, Chartered, Pocatello, for respondents.  Scott
J. Smith argued.

_____

1

HORTON, Justice.

This is an appeal from the decision of the district court for Bear Lake County denying a motion to void a portion of a stipulated judgment. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns three small, adjacent parcels of land in Bear Lake County which line up in a north to south direction and are bordered by State Highway 89 on the west and Bear Lake on the east. In 1998, the northern parcel was owned by Peggy and David Everton, the middle parcel was owned by Annette and Sterling Wallentine, and the southern parcel was owned by Jeanne Macvicar. Historically, Macvicar had accessed her property by a driveway that went through the Everton and Wallentine properties. The driveway left State Highway 89 at the northwestern edge of the Everton parcel, traveled along the western edge of the Everton and Wallentine parcels, and terminated at Macvicar's property.

On November 5, 1998, Macvicar filed a complaint against the Evertons and Wallentines, requesting that the district court declare an easement existed along the western edge of their parcels. On May 30, 2000, the parties filed a Stipulation for Settlement (the Stipulation). On August 22, 2000, the district court accepted the stipulation and entered its Judgment and Decree of Quiet Title (the 2000 Judgment).

The Evertons, the Wallentines, and Macvicar subsequently sold their parcels to the parties to this appeal. Macvicar sold her property to Jim and Maryann Plane, who transferred the property to the Jim and Maryann Plane Family Trust (the Trust). The Planes had actual knowledge of the 2000 Judgment and the Stipulation when they purchased Macvicar's property. Jason and Janae Skinner purchased the parcels owned by the Evertons and Wallentines.

This controversy arose after September 27, 2012, when the Idaho Transportation Department (ITD) wrote the Skinners a letter demanding that the Skinners remove their "illegal" driveway. However, the letter also enclosed a permit application for the Skinners to submit which would "allow for the continued use of this currently illegal access."

On April 1, 2013, the Trust filed a motion, pursuant to I.R.C.P. 60(b)(4), requesting that the district court void three sentences of the 2000 Judgment. Paragraph five of the 2000 Judgment provided:

> There is granted to Jeanne Macvicar by Annette and Sterling Wallentine, and Peggy and David Everton, their heirs, assigns and successor's [sic] in interest, an easement of approximately ten (10) feet in width for egress and ingress to their

2

property, said easement being located on the west border of said properties. *The easement shall not exceed its present width where it adjoins the Everton property. No more [sic] five feet of the Wallentine property shall be used as part of the easement, and only that portion of the Wallentine property as necessary to provide ten (10) feet in width shall be used. the state right of way line. [sic] It is understood that the existing right-of-way leading from the State right of way to the Everton, Wallentine and Macvicar properties may be located, in part, upon the State right-of-way as historically has been so used.*

We have emphasized the three sentences that the Trust seeks to have declared void. The Trust argued these provisions are void because the district court lacked personal and subject matter jurisdiction to address the State's right-of-way because the State was not a party to the litigation. The effect of eliminating these three sentences would be to expand the width of the easement over the Skinners' parcels from a maximum of five feet to ten feet.

On April 18, 2013, the Skinners filed an application with ITD, seeking permission to continue to access the State right-of-way for purposes of a driveway. ITD issued a permit authorizing the Skinners and the Planes to use up to five feet of the State right-of-way.[1]

The district court denied the Trust's motion on August 13, 2014. The district court reasoned that it could not excise the three sentences from the 2000 Judgment because removing them would be contrary to the parties' predecessors' intent, stating:

> Plane Trust's request that this Court void only a portion of the Judgment is merely an impermissible attempt to surgically modify the parties' predecessors' Stipulation and the subsequent Judgment of the Court by deleting language to create an entirely different agreement that was never agreed upon by their predecessors or ratified by the court. . . . The clear and unambiguous intent of the parties' predecessors was to limit the encroachment upon the Everton's [sic] and Wallentine's [sic] property in precisely the manner articulated in the Stipulation and subsequent Judgment. It would be in direct contravention of the parties' predecessors' intent to modify the Stipulation and subsequent Judgment in a manner requested by Plane Trust.

As the Trust did not seek a declaration that the 2000 Judgment was void in its entirety, the district court did not decide that question. On January 10, 2014, the district court entered its judgment denying the Trust's motion and awarding attorney fees, pursuant to Idaho Code section 12-121, to the Skinners. The Trust timely appealed.

## II. STANDARD OF REVIEW

---

[1] The Trust incorrectly claims "there has never been any approval, past or present, from ITD for anyone to use the impacted right-of-way for purposes of ingress and egress," ITD's license, granted April 29, 2013, authorizes the use of "up to five (5) feet of State highway 89 right-of-way . . . for the purpose of providing ingress and egress for . . . Jim and Maryann Plane."

"Whether a judgment is void is a question of law." *State, Dep't of Health & Welfare v. Housel*, 140 Idaho 96, 100, 90 P.3d 321, 325 (2004). We exercise de novo review over legal questions. *Fields v. State*, 155 Idaho 532, 534, 314 P.3d 587, 589 (2013).[2]

"Whether a contract is illegal is a question of law for the court to determine from all the facts and circumstances of each case." *Farrell v. Whiteman*, 146 Idaho 604, 608, 200 P.3d 1153, 1157 (2009). "Interpreting an unambiguous contract and determining whether there has been a violation of that contract is an issue of law subject to free review." *Potlatch Educ. Ass'n v. Potlatch Sch. Dist. No. 285*, 148 Idaho 630, 633, 226 P.3d 1277, 1280 (2010).

The award of attorney fees and costs is within the discretion of the district court and reviewed for an abuse of that discretion. *Smith v. Washington Cnty.*, 150 Idaho 388, 392, 247 P.3d 615, 619 (2010); *Ransom v. Topaz Mktg., L.P.*, 143 Idaho 641, 643, 152 P.3d 2, 4 (2006).

## III. ANALYSIS

---

[2] The Skinners argue that this Court should review the district court's decision for an abuse of discretion. Indeed, this Court has repeatedly stated that "[a] trial court's decision whether to grant relief pursuant to I.R.C.P. 60(b) is reviewed for abuse of discretion." *See, e.g., Maynard v. Nguyen*, 152 Idaho 724, 726, 274 P.3d 589, 591 (2011) (quoting *Waller v. State, Dep't of Health and Welfare*, 146 Idaho 234, 237, 192 P.3d 1058, 1061 (2008)). Likewise, we have frequently stated that "a void judgment can be attacked at any time by any person adversely affected by it." *Cuevas v. Barraza*, 152 Idaho 890, 894, 277 P.3d 337, 341 (2012) (citing *Burns v. Baldwin,* 138 Idaho 480, 486, 65 P.3d 502, 508 (2003)). However, in *Meyers v. Hansen*, 148 Idaho 283, 221 P.3d 81 (2009), we considered the appellant's claim that "a motion under Rule 60(b)(4) regarding a void judgment can never be time-barred or subject to a laches defense." *Id.* at 291, 221 P.3d at 89. Noting I.R.C.P. 60(b)'s requirement that a motion under that rule be brought within "a reasonable time," we held that a seventeen month delay in seeking relief under the rule barred relief. *Id.* at 292, 221 P.3d at 90.

The standard of review that we have articulated differs from that utilized by the Court of Appeals, which applies a de novo standard of review when "a judgment is challenged as void under Rule 60(b)(4)." *McDavid v. Kiroglu*, 155 Idaho 49, 51, 304 P.3d 1215, 1217 (Ct. App. 2013). This is because the Court of Appeals holds the view that "relief from a void judgment pursuant to I.R.C.P. 60(b)(4) is nondiscretionary." *Dragotoiu v. Dragotoiu*, 133 Idaho 644, 647, 991 P.2d 369, 372 (Ct. App. 1998). In *Dragotoiu*, the Court of Appeals repudiated its earlier statement in *Dufur v. Nampa & Meridian Irr. Dist.*, 128 Idaho 319, 324, 912 P.2d 687, 692 (Ct. App. 1996), that "a motion to set aside an allegedly void judgment is addressed to the sound legal discretion of the trial court and will not be reversed unless an abuse of discretion clearly appears." *Dragotoiu*, 133 Idaho at 647 n.2, 991 P.2d at 372 n.2. This repudiation is significant, because the statement in *Dufur* simply paraphrased this Court's statement of the applicable standard of review in *Catledge v. Transport Tire Co., Inc.*, 107 Idaho 602, 607, 691 P.2d 1217, 1222 (1984) ("A motion to set aside a default judgment is addressed to the sound legal discretion of the court and will not be reversed unless an abuse of discretion clearly appears. . . .").

The Court of Appeals' holding that Rule 60(b)(4) decisions are nondiscretionary is grounded in the federal courts' interpretation of F.R.C.P. 60(b)(4) and the prospect of "the untenable result of a court determining that it lacked either personal or subject matter jurisdiction, and yet, in its discretion, enforcing a void judgment." *Dragotoiu*, 133 Idaho at 647 n.2, 991 P.2d at 372 n.2.

We need not decide whether to abandon the standard of review that we have traditionally applied in appeals from decisions applying I.R.C.P. 60(b)(4) in favor of the standard adopted by the Court of Appeals. This is because the judgment in this case is not void. A finding that the judgment is void is a prerequisite to granting relief under I.R.C.P. 60(b)(4) and we are in agreement with the Court of Appeals that the determination "[w]hether a judgment is void is a question of law." *Housel*, 140 Idaho at 100, 90 P.3d at 325.

4

The issues presented in this appeal include: (1) whether the district court properly determined that I.R.C.P. 60(b)(4) did not permit it to void the three sentences of the 2000 Judgment because the result would be to contravene the intentions of the parties' predecessors in interest; (2) whether the 2000 Judgment was void for lack of personal or subject matter jurisdiction; (3) whether the 2000 Judgment was the product of an illegal contract; (4) whether the Trust may demonstrate an easement by necessity on appeal; (5) whether the district court properly exercised its discretion in awarding the Skinners attorney fees pursuant to Idaho Code section 12-121; and (6) whether either party is entitled to attorney fees on appeal. We address these issues in turn.

## A. The district court did not err in denying the Trust's motion to strike the three sentences pursuant to I.R.C.P. 60(b)(4).

The district court determined that it could not "surgically" remove the three sentences from the 2000 Judgment because the result would be contrary to the parties' predecessors' intentions when entering into the Stipulation.

This Court's "primary objective when interpreting a [stipulation] is to discover the mutual intent of the parties at the time the contract is made." *Guzman v. Piercy*, 155 Idaho 928, 936, 318 P.3d 918, 926 (2014) (quoting *Straub v. Smith*, 145 Idaho 65, 69, 175 P.3d 754, 758 (2007)). "If possible, the intent of the parties should be ascertained from the language of the agreement . . . ." *Id.* (quoting *Straub*, 145 Idaho at 69, 175 P.3d at 758.).

"If a judgment is only void in part and the void portion can be separated from the balance, relief may be granted to that extent."[3] *McGrew v. McGrew*, 139 Idaho 551, 559, 82 P.3d 833, 841 (2003). A party may not seek to void a judgment in a way that "unilaterally" crafts the judgment in the party's favor. *Id.* In *McGrew*, a wife sought to void a portion of a divorce decree that divided community property and debts between the parties. *Id.* The wife sought to void only that portion of the decree that awarded certain railroad retirement benefits to the husband. *Id.* This Court held the wife could not void only the retirement award because doing so would allow her to "unilaterally craft" the judgment. *Id.*

As was the case in *McGrew*, the Trust seeks to amend the 2000 Judgment in its favor by relocating the easement entirely on the Skinners' property. The 2000 Judgment unambiguously states "[n]o more [sic] five feet of the Wallentine property shall be used as part of the

---

[3] The district court misstated this point of law when it said: "Either the Judgment is void in its entirety, or it is not."

5

easement."[4] The effect of granting the Trust's motion would be to place all ten feet of the easement on the Skinners' property. As in *McGrew*, the Trust is attempting to "unilaterally craft" the 2000 Judgment by doubling the width of its easement over the Skinners' property. The district court correctly determined that it could not do so.

**B. The Trust's I.R.C.P. 60(b)(4) motion fails because the 2000 Judgment is not void for lack of personal or subject matter jurisdiction.**

The Trust asserts that the district court erred by considering only the relief requested in its motion and by failing to consider abrogating the 2000 Judgment in its entirety. Thus, we address the Trust's remaining challenges to the 2000 Judgment. The Trust contends the district court lacked personal jurisdiction and subject matter jurisdiction to enter the 2000 Judgment because the State was not a party to the earlier litigation.

"Generally, 'final judgments, *whether right or wrong*, are not subject to collateral attack.'" *Cuevas v. Barraza*, 152 Idaho 890, 894, 277 P.3d 337, 341 (2012) (quoting *Kukuruza v. Kukuruza*, 120 Idaho 630, 632, 818 P.2d 334, 336 (Ct. App. 1991)). However, under I.R.C.P. 60(b)(4) a "court may relieve a party or his legal representative from a final judgment, order, or proceeding" because "the judgment is void." "This Court 'narrowly construe[s] what constitutes a void judgment.'" *Id.* (alteration in original) (quoting *Hartman v. United Heritage Prop. & Cas. Co.*, 141 Idaho 193, 197, 108 P.3d 340, 344 (2005)). This Court has outlined three circumstances in which a judgment will be found to be void:

> In order for a judgment to be void, there must generally be some jurisdictional defect in the court's authority to enter the judgment, either [1] because the court lacks personal jurisdiction or [2] because it lacks jurisdiction over the subject matter of the suit. A judgment is also void where it is [3] entered in violation of due process because the party was not given notice and an opportunity to be heard.

*McGrew*, 139 Idaho at 558, 82 P.3d at 840 (citations omitted).

**1. The district court did not lack personal jurisdiction to enter the 2000 Judgment.**

Arguing from the premise that the 2000 Judgment affected the State's interest in its right-of-way along State Highway 89, the Trust asserts that the judgment is void for lack of personal

---

[4] The Stipulation was amended by interlineation to read:
> "The easement shall not exceed its present width where it adjoins the Everton Property. No more [than] five feet of the Wallentine property shall be used as part of the easement, and only that portion of the Wallentine property as necessary to provide ten (10) feet in width shall be used."

(interlineation reflected by brackets).

jurisdiction because the State was not a party to the litigation. The Skinners respond that the 2000 Judgment is not void because it did not affect the State's interest in its right-of-way.

Since a stipulation is a contract, its enforceability is determined through contract principles. *Guzman*, 155 Idaho at 936, 318 P.3d at 926. "When interpreting a contract, this Court begins with the document's language." *Potlatch Educ. Ass'n v. Potlatch Sch. Dist. No. 285*, 148 Idaho 630, 633, 226 P.3d 1277, 1280 (2010). "In the absence of ambiguity, the document must be construed in its plain, ordinary and proper sense, according to the meaning derived from the plain wording of the instrument." *Id.* (quoting *C & G, Inc. v. Rule*, 135 Idaho 763, 765, 25 P.3d 76, 78 (2001)).

The Trust's premise as to the effect of the 2000 Judgment is erroneous. The relevant portion of the 2000 Judgment provided:

> It is understood that the existing right-of-way leading from the State right of way to the Everton, Wallentine and Macvicar properties *may be* located, in part, upon the State right-of-way as *historically* has been so used.

(emphasis added). This statement, recognizing that the existing right-of-way "may be" located upon Idaho's right-of-way as it has "historically" been located does not, in any way, purport to grant an easement over State property, subordinate the State's rights to those of the parties to the Stipulation, or otherwise affect the State's interest in its right-of-way. The 2000 Judgment is not void for lack of personal jurisdiction over the State.

## 2. The district court did not lack subject matter jurisdiction to enter the 2000 Judgment.

Again basing its argument on the premise that the 2000 Judgment affected the State's interest in its right-of-way, the Trust argues the district court lacked subject matter jurisdiction because Title 40 of the Idaho Code grants ITD exclusive authority over State rights-of-way. Because the Trust's premise is incorrect, there is no merit to this contention.

"Subject matter jurisdiction is the right and abstract power of the tribunal to exercise power over cases of the kind and character of the one pending." *Young Elec. Sign Co. v. State, ex rel. Winder*, 135 Idaho 804, 809, 25 P.3d 117, 122 (2001) (quoting *Knight v. Dep't of Ins.*, 124 Idaho 645, 649, 862 P.2d 337, 341 (Ct.App.1993)). District courts possess subject matter jurisdiction to determine the existence of easements. *H.F.L.P., LLC v. City of Twin Falls*, No. 41277, 2014 WL 6865494, at *3-4 (Idaho Dec. 8, 2014). The district court possessed subject

7

matter jurisdiction to adjudicate Macvicar's easement rights over the property of the Wallentines and the Evertons.

**C. The Trust is not entitled to Rule 60(b)(4) relief based upon its claim that the 2000 Judgment derived from an illegal contract.**

Again operating from the premise that the 2000 Judgment affected the State's interest in its right-of-way, the Trust asserts that the judgment must be modified to the extent that it gave effect to an illegal contract. This argument is wrong on several counts.

First, as previously discussed, the Trust's premise as to the effect of the 2000 Judgment is erroneous. Second, the Trust ignores our narrow approach to determining what constitutes a void judgment, *Hartman v. United Heritage Prop. & Cas. Co.*, 141 Idaho 193, 197, 108 P.3d 340, 344 (2005), and the fact that we will find a judgment to be void only when personal or subject matter jurisdiction is lacking or there has been a due process violation of the right to notice and an opportunity to be heard. *McGrew v. McGrew*, 139 Idaho 551, 558, 82 P.3d 833, 840 (2003). These circumstances are not present. Third, the Trust's theory that the Stipulation was an illegal contract is without merit. An illegal contract is one that rests on illegal consideration consisting of any act or forbearance which is contrary to law or public policy. *Quiring v. Quiring*, 130 Idaho 560, 566, 944 P.2d 695, 701 (1997). "A grantor can convey nothing more than he or she owns. . . ." *Luce v. Marble*, 142 Idaho 264, 270, 127 P.3d 167, 173 (2005). As the Evertons and Wallentines (the Skinners' predecessors in interest) lacked the ability to convey any interest in derogation of the State's interest in its right-of-way, there was no illegal consideration consisting of an act or forbearance contrary to law or public policy.

**D. The Trust waived any argument for an easement by necessity.**

The district court did not address whether the Trust was entitled to an easement by necessity as the Trust only brought an I.R.C.P. 60(b)(4) motion. On appeal the Trust argues landlocked parcels are against public policy and a court may imply an easement where necessary.

"This Court will not consider arguments raised for the first time on appeal." *Duspiva v. Fillmore*, 154 Idaho 27, 33, 293 P.3d 651, 657 (2013). The Trust filed an I.R.C.P. 60(b)(4) motion requesting the district court to declare three sentences of the 2000 Judgment to be void. The Trust did not bring an action seeking an easement by necessity nor did it argue that it was entitled to an easement by necessity before the district court. Therefore, this issue will not be considered on appeal.

**E. The district court properly exercised its discretion in awarding the Skinners attorney fees under Idaho Code section 12-121.**

The district court awarded the Skinners attorney fees pursuant to Idaho Code section 12-121 because it found the Trust's attempts to "selectively cut and paste from an otherwise clear and unambiguous document" were frivolous. In so doing, the Trust claims the district court abused its discretion. The Trust argues that its claim is meritorious and that it behaved reasonably throughout the course of litigation. The Trust further argues the district court failed to make sufficient factual findings to support its conclusion that the motion was pursued frivolously, unreasonably and without foundation.

Idaho Code section 12-121 provides in relevant part, "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties . . . ." Idaho Rule of Civil Procedure 54(e)(1) provides that "attorney fees under section 12-121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation . . . ." Rule 54(e)(1) further provides that "[w]henever the court awards attorney fees pursuant to section 12-121, Idaho Code, it shall make a written finding, either in the award or in a separate document, as to the basis and reasons for awarding such attorney fees."

An award of attorney fees under Idaho Code section 12-121 is discretionary. *Coward v. Hadley*, 150 Idaho 282, 290, 246 P.3d 391, 399 (2010). "Even though the decision is discretionary, 'it must be supported by findings and those findings, in turn, must be supported by the record.'" *Id.* (quoting *Wait v. Leavell Cattle, Inc.*, 136 Idaho 792, 799, 41 P.3d 220, 227 (2001)). When an exercise of discretion is involved, an appellate court conducts a three-step analysis to determine:

> (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Rockefeller v. Grabow*, 139 Idaho 538, 545, 82 P.3d 450, 457 (2003).

The Trust argues the district court abused its discretion in deciding its claims were frivolous, citing *Ross v. Dorsey*, 154 Idaho 836, 845, 845 P.3d 195, 204 (2013), for the proposition that a court should not award attorney fees for claims that are weak, but not without foundation. In doing so, the Trust fails to recognize that *Ross* did not involve review of a district

9

court's decision regarding attorney fees; rather, the excerpted statement was our explanation why *we* declined to award attorney fees on appeal. *Id.*

The district court wrote a fifteen-page memorandum opinion explaining the reasons that it awarded the Skinners costs and attorney fees pursuant to Idaho Code section 12-121. The district court explicitly stated that the decision was committed to its discretion. The district court accurately described the legal principles governing its decision, quoting at length from our decision in *Garner v. Povey*, 151 Idaho 462, 259 P.3d 608 (2011). It then devoted two pages to its explanation why it determined that the Trust's motion was not well-grounded in law or fact.

The Trust takes issue with the district court's reiteration of its statement that it was "unaware of any legal theory . . . that would allow [it] to surgically modify [the 2000] Judgment in the manner requested" by the Trust. We are unable to overlook the irony of the Trust's citation to *McGrew* in support of its claim that the district court erred by awarding attorney fees. Although we are unable to determine if counsel for the Trust did not read the case they cited, or if they elected to disregard its holding, it is clear that *McGrew* supported the district court's determination that Rule 60(b)(4) is not a tool for selective modification of the terms of a judgment in one party's favor.

The decision to award attorney fees was within the boundaries of the district court's discretion. We conclude that the Trust has failed to demonstrate that the district court abused its discretion.

## F. The Skinners are entitled to attorney fees on appeal.

The Trust and the Skinners both argue they are entitled to attorney fees on appeal under Idaho Code section 12-121. Further, both parties argue they are entitled to costs on appeal. The Trust has not prevailed in this appeal and therefore is not entitled to an award of attorney fees. As the prevailing party, the Skinners are entitled to an award of costs incurred on appeal.

I.A.R. 11.2 provides, in pertinent part, that:

The signature of an attorney or party constitutes a certificate that the attorney or party has read the notice of appeal, petition, motion, brief or other document; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If the notice of appeal, petition, motion, brief, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the

10

person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the notice of appeal, petition, motion, brief or other document including a reasonable attorney's fee.

I.A.R. 11.2. We construe I.A.R. 11.2 in the same manner as I.R.C.P. 11(a)(1) because they have identical wording. *Flying A Ranch, Inc. v. Bd. of Cnty. Comm'rs for Fremont Cnty.*, 156 Idaho 449, 454, 328 P.3d 429, 434 (2014).

> The attorney's or party's signature on a document constitutes two substantive certifications: (a) "that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," and (b) "that it [the document] is not interposed for any improper purpose." I.R.C.P. 11(a)(1). Both certifications must be accurate in order to comply with the rule. If either of them is not accurate, then the document would be signed in violation of the rule.

*Id.* at 453, 328 P.3d at 433 (alterations in original). "[T]his Court may consider, sua sponte, whether a party has brought an appeal for any improper purpose, and if so, award reasonable attorney fees to the other party." *Bettwieser v. New York Irrigation Dist.*, 154 Idaho 317, 330, 297 P.3d 1134, 1147 (2013).

As did the district court, we find that the Trust and its counsel have advanced arguments that are without basis in law or fact. Therefore, we award the Skinners attorney fees on appeal pursuant to I.A.R. 11.2. Those fees will be paid by the Trust and the attorneys signing the Trust's appellate briefs.

## IV. CONCLUSION

We affirm the district court's denial of the Trust's I.R.C.P. 60(b)(4) motion to void portions of the 2000 Judgment and the district court's award of attorney fees. On appeal, we award attorney fees and costs to the Skinners, with costs and fees payable by both the Trust and its attorneys who signed its appellate briefs.

Chief Justice BURDICK and Justices EISMANN, J. JONES and Justice Pro Tem WALTERS, **CONCUR**.