FOX, Justice,
dissenting.
[¶49] I respectfully dissent. I concur with the majority’s analysis of what makes a deed void rather than voidable, but I conclude that the application of the law to the tax deed at issue must result in finding the deed is void.
[¶50] There is no dispute that Article 15, § 3 of the Wyoming Constitution prohibits the taxation of minerals in place; and it meant the same thing in 1911, even though it may have been misunderstood at that time. To the extent there were statutes in 1911 which may have authorized taxation of minerals in place, they were unconstitutional. (See, e.g., Billis v. State, 800 P.2d 401, 450 (Wyo. 1990) (“The legislature may not enact a statute which is in conflict with a provision of the state Constitution.”) (internal citations omitted)). The 1911 tax assessment was not an error in the “when and how;” it was a complete failure of authority to tax. The tax at issue here resembles the cases discussed by the majority in which tax deeds were found to be void because of the taxing entities’ failure to assess the property tax against the true owner of the property. Morad v. Brown, 549 P.2d 312, 314 (Wyo. 1976); Tibbals v. Bd. of Cty. Comm’rs of Fremont Cty., 74 Wyo. 232, 286 P.2d 598, 599-600 (1955); McCarthy v. Union Pac. Ry. Co., 58 Wyo. 308, 131 P.2d 326, 328 (1942); Hecht v. Boughton, 2 Wyo. 385, 402-03 (1881). Here, Laramie County did not act “within the pale of [its] authority,” McCarthy, 131 P.2d at 333, and the tax deed is void. See Dufur v. Nampa & Meridian Irrigation Dist., 128 Idaho 319, 912 P.2d 687, 693 (Idaho Ct. App. 1996) (“Because the noted statutes were found to be unconstitutional, the tax deeds were appropriately voided and title was restored to the Dufurs.”). Lake Canal Reservoir Co. v. Beethe, 227 P.3d 882 (Colo. 2010), likewise fails to support the majority’s conclusion. There, the court found that although the tax on the reservoir “may have been excessive, at least some of that assessment was authorized.” Id. at 891. Here, the county completely lacked authority' to tax minerals in place. There was no arguable basis for jurisdiction and the tax assessment was a clear usurpation of power.
[¶51] While I appreciate the value of finality in real'estate transactions, that may be a matter best left to the legislature. In fact, the legislature has taken action to impose a statute of limitations on void tax deeds, Wyo. Stat. Ann. § 34-2-132 (LexisNexis 2015), and it expressly omitted mineral tax deeds from those provisions. Wyo. Stat. Ann. § 34-2-135 (LexisNexis 2015). “The legislature is presumed to act in a thoughtful and rational manner with full knowledge of existing law.” Barlow Ranch, Ltd. P’ship v. Greencore Pipeline Co. LLC, 2013 WY 34, ¶ 57, 301 P.3d 75, 94 (Wyo. 2013). If it had wanted to impose a statute of limitations on void tax deeds, it would have here.
[¶52] For these reasons, I would find that the tax deed at issue is void.