(December 28, 1922.)

J. C. JENSEN and A. H. JENSEN, Doing Business in the Firm Name and Style of JENSEN REAL ESTATE COMPANY, Respondent, v. JOHN O. GOOCH, Appellant.

[211 Pac. 551.]

VOID JUDGMENT — SETTING ASIDE — COMPLAINT — FAILURE TO STATE A CAUSE OF ACTION.

1. A judgment shown on the face of the judgment-roll to be void may be set aside at any time on motion of party or on the court's own motion.

2. A judgment based upon a complaint that does not state facts sufficient to constitute a cause of action is void.

APPEAL from the District Court of the Fifth Judicial District, for Franklin County. Hon. Robt. M. Terrell, Judge.

Action for breach of contract. Judgment for plaintiff. *Reversed* and *remanded.*

Peterson & Coffin and Chas. H. Darling, for Appellant.

The statute requiring application for relief from a judgment or order to be made within six months after the adjournment of the term does not apply to void judgments and orders. (*Shumake v. Shumake,* 17 Ida. 649, 107 Pac. 42; *Kerns v. Morgan,* 11 Ida. 572, 83 Pac. 954; *Vayne v. Jones,* 13 Ida. 21, 88 Pac. 1058; *Kerns v. McAulay,* 8 Ida. 558, 69 Pac. 539.)

The court erred in making its order denying the motion of the defendants to vacate and set aside the decree. (*Hayes County v. Wileman,* 82 Neb. 669, 118 N. W. 478; *Foreman v. Carter,* 9 Kan. 674; *Hanson v. Wolcott,* 19 Kan. 207; *Reynolds v. Fleming,* 30 Kan. 111, 46 Am. Rep. 86, 1 Pac. 61; *Baldwin v. Burt,* 2 Neb. Unof. 377, 96 N. W. 401; *Feikert v. Wilson,* 38 Minn. 341, 37 N. W. 585; *Heff-*

*ner v. Gunz,* 29 Minn. 108, 12 N. W. 342; *Wendel v. Durbin,* 26 Wis. 390; *Sweeney v. Tritsch,* 151 Ala. 242, 44 So. 184; *Choi v. Turk* (Okl.), 154 Pac. 1000; *Stubbs v. McGillis,* 44 Colo. 138, 96 Pac. 1005; *Lushington v. Seattle Auto & Driving Club,* 60 Wash. 546, 111 Pac. 785; *York Draper Mercantile Co. v. Hutchinson,* 2 Kan. App. 47, 43 Pac. 315.)

Hart & Rich, for Respondents, cite no authorities on points decided.

DUNN, J.—This action was brought by respondents to recover $375, alleged to be an overpayment to appellant on a certain contract; $150 due as the purchase price of two horses; $300 advance payment on cattle which were not delivered, and $500 damages for breach of contract.

Appellant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Notice of the hearing of the demurrer was served upon counsel for appellant, but no place of such hearing was mentioned in the notice. The demurrer was finally submitted without argument by either side, overruled and thirty days allowed appellant to answer. No answer was filed and judgment by default was taken against appellant for $1,325.

Appellant moved to vacate the judgment entered and to set aside the default on the ground of inadvertence, surprise and excusable neglect on the part of the attorneys for defendant.

After the receipt of notice that the demurrer would be called up, notwithstanding the place was not mentioned, counsel for appellant appear not to have been negligent in the matter of taking steps to insure that they would be advised as to what disposition had been made of the demurrer. On the other hand, it appears in behalf of respondents that notice of such disposition was given counsel for appellant.

Considering the state of the entire record it is not necessary to decide as to the merits of the opposing contentions of the parties on this point.

Counsel for respondent contend that a motion to set aside judgment and default on the grounds stated cannot be entertained after six months from the adjournment of the term at which such judgment was rendered, but on the face of the record the judgment is void because the complaint fails to state facts sufficient to constitute a cause of action against appellant. In such case the time limit does not apply, and the judgment may be set aside at any time on motion of a party or the court's own motion. (*Miller v. Prout*, 33 Ida. 709, 197 Pac. 1023.)

The court erred in overruling the demurrer. The judgment is reversed and the cause remanded, with instructions to permit respondents, if they so desire, to amend their complaint. Costs awarded to appellant.

Budge and Lee, JJ., concur.

McCarthy, J., concurs in the conclusion reached.