(No. 5783.   February 20, 1932.)

VIVIAN F. BALDWIN and E. R. BALDWIN, Respondents,
v. ED. ANDERSON, Respondent, and AMERICAN
SURETY COMPANY OF NEW YORK, a Corporation,
Surety, Appellant.

[8 Pac. (2d) 461.]

Richards & Haga and Martin & Martin, for Appellant.

James F. Ailshie, Jr., and J. R. Smead, for Respondents Vivian F. and E. R. Baldwin.

H. B. Walker, for Respondent Ed. Anderson.

VARIAN, J.—On May 31, 1928, Vivian F. Baldwin and E. R. Baldwin, respondents, obtained a judgment for damages for personal injuries, in the district court, against Singer Sewing Machine Company, a corporation, and Ed. Anderson. On appeal the judgment was affirmed as to Anderson, and ordered dismissed as to the Singer Sewing Machine Company. (*Baldwin v. Singer Sewing Mach. Co.*, 49 Ida. 231, 287 Pac. 944.) On May. 24, 1930, after the coming down of the *remittitur*, the trial court entered judgment dismissing the Singer Sewing Machine Company and taxing its costs against plaintiffs Baldwin. On June 23, 1930, judgment was entered for said respondents against appellant, American Surety Company, for the amount due them on the original judgment against Ed. Anderson and Singer Sewing Machine Company, as surety on a *supersedeas* bond dated August 28, 1928. June 26, 1930, American Surety Company of New York, appellant here, moved the district court to vacate the judgment of June 23, 1930, aforesaid, upon the ground that it was void and that its enforcement was contrary to equity and good conscience, etc. August 12, 1930, an order was entered in the district court declaring said judgment of June 23, 1930, void and recalling and vacating the execution issued thereon. On appeal from the order of August 12, 1930, this court reversed said order and held the judgment of June 23, 1930, valid and not void. (*Baldwin v. Anderson*, 50 Ida. 606, 299 Pac. 341.) After the coming down of the *remittitur* in this last appeal, appellant moved, June 18, 1931, to correct and then set aside the said judgment of June 23, 1930. The motion was submitted upon affidavits and argument of counsel and by the court denied by order dated July 13, 1931. On the same

date American Surety Company of New York appealed to this court from the judgment against it dated June 23, 1930, more than ninety days after the entry of said judgment. On the following day, July 14, 1931, American Surety Company of New York also appealed to this court from the order, dated July 13, 1931, denying the motion to correct and vacate the judgment of June 23, 1930.

July 18, 1931, the Chief Justice signed an order, on application of appellant, reciting the two appeals last above mentioned, and ordering ''That but one transcript be made and filed in said appeals which said transcript shall include all the papers and matters necessary for the consideration of each of said appeals, and that a duplicate of this order be filed in said District Court from which said appeals are taken and included in said transcript.'' Other matters germane to the subject of this appeal will later be referred to.

Appellant petitioned this court for an order to correct an omission in the clerk's transcript, which matter was argued and submitted with the motion to dismiss. His praecipe called for the order of the Chief Justice of July 18, 1931, therein required to be filed in the district court, to be included in said transcript. While the order appears in the records in this court it does not appear in the transcript. The fact of its being filed in the court below is immaterial in view of the conclusions reached as to the motion to dismiss, and the motion is therefore denied.

We are only concerned here with the motion to dismiss the appeal of July 13, 1931, from the judgment of June 23, 1930. Respondent moves to dismiss the appeal, principally, because it was not taken within ninety days as prescribed by C. S., sec. 7152. Appellant contends that the order of August 12, 1930, vacating the judgment of June 23, 1930, was not void and therefore suspended the running of the statute requiring an appeal to be taken within ninety days from the entry of judgment, until the coming down of the *remittitur* on June 3, 1931, and that forty days yet remained, on July 13, 1931, in which to perfect its appeal.

The power, within proper limits, to vacate its judgments, is inherent in all courts of record independent of

statute. (1 Freeman on Judgments, 5th ed., sec. 194, p. 375.) While we have no statute expressly authorizing the vacation of a judgment, on motion, the inherent power of courts of record to vacate their judgments, void upon the face of the judgment-roll, upon motion of a party, or its own motion, at any time, has been repeatedly recognized by this court. (*Angel v. Mellen*, 48 Ida. 750, 285 Pac. 461; *Backman v. Douglas*, 46 Ida. 671, 677, 270 Pac. 618; *Shumake v. Shumake*, 17 Ida. 649, 663, 107 Pac. 42; *Jensen v. Gooch*, 36 Ida. 457, 211 Pac. 551; *Richardson v. Ruddy*, 15 Ida. 488, 98 Pac. 842.) And where the invalidity of a void judgment does not appear upon the face of the judgment-roll, it may be vacated upon motion made within a reasonable time. (*Armitage v. Horseshoe Bend Co.*, 35 Ida. 179, 204 Pac. 1073; *Miller v. Prout*, 33 Ida. 709, 197. Pac. 1023.) Such motion is a direct and not a collateral attack on the judgment "and any fact going to show the invalidity of the judgment can be presented at the hearing of the motion." (*Miller v. Prout, supra.*)

We have heretofore held the judgment of June 23, 1930, valid and not void. (*Baldwin v. Anderson, supra.*) The status of the order of August 12, 1930, was not an issue in that case since appeal would lie therefrom whether it was void or merely voidable. The question now here is whether or not said order was void.

██ "In addition to jurisdiction of the parties and the subject matter, it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment assumes to decide, and jurisdiction to render a judgment for the particular remedy or relief which the judgment undertakes to grant." (33 C. J. 1076, sec. 37; 15 C. J. 729, sec. 24; *Miller v. Prout, supra; Wright v. Atwood*, 33 Ida. 455, 195 Pac. 625; *Gile v. Wood*, 32 Ida. 752, 188 Pac. 36.) In the instant case, on motion to vacate, the district court had the inherent power to inquire into the validity of its judgment of June 23, 1930. (*Richardson v. Ruddy, supra.*) Since said judgment was not void, said court was without jurisdiction to apply the remedy sought, i. e., vacation of the judgment. Therefore, the order vacating the

judgment, from which this appeal was taken, was in excess of its jurisdiction, and void.

■ The language of the opinion in *Miller v. Prout*, 32 Ida. 728, 187 Pac. 948, referring to a proceeding under C. S., sec. 6726, since amended, Sess Laws 1921, chap. 235, p. 526, is applicable to the situation in this case, and is to the effect that it was an independent proceeding, under the statute, existing concurrently with the right to appeal from the judgment. "The proper course is to appeal from the judgment if it is desired to have judgment reviewed, and to apply to the trial court for relief" by motion. (See, also, *Mountain States Implement Co. v. Arave*, 50 Ida. 624, 2 Pac. (2d) 314; *Boam v. Sewell*, 41 Ida. 718, 721, 241 Pac. 1020.)

■■ The order of August 12, 1930, vacating the original judgment, against appellant, was a nullity, and the ninety days within which an appeal might be taken (C. S., sec. 7152) began to run from the entry of said judgment on June 23, 1930. This appeal, taken more than ninety days after the entry of said judgment, does not vest this court with jurisdiction to entertain the same. (*Wallace v. McKenna*, 37 Ida. 579, 217 Pac. 982; *Glenn v. Aultman & Taylor Machinery Co.*, 30 Ida. 719, 167 Pac. 1163.)

It is not considered necessary to discuss other grounds for dismissal urged. The appeal from the judgment of June 23, 1930, is therefore dismissed. Costs to respondent.

Lee, C. J., and Leeper, J., concur; Budge, J., dissents.

Givens, J., not sitting, did not participate.