375 P.2d 994

**Manuel GARREN, Plaintiff-Appellant,**

v.

**Gretchen M. ROLLIS, Defendant-Respondent.**

No. 9212.

Supreme Court of Idaho.

Nov. 2, 1962.

James E. Hunt, Sandpoint, for appellant.

James W. Ingalls, Coeur d'Alene, for respondent.

88

McFADDEN, Justice.

█ Appellant's brief on appeal fails to comply with the provisions of Supreme Court Rule 41(2) as it contains no specifications of error. The requirement of the rule is not to be lightly disregarded, for specifications of error are in effect the appellant's pleadings in the appellate court. The specifications of error are necessary for a respondent to determine the questions to be answered, and are necessary for the higher court to single out the specific areas in controversy. 5 C.J.S. Appeal & Error § 1217, p. 34; 3 Am.Jur. 287, Appeal & Error, § 694.

█ Only by reason that both parties have discussed the applicable issues, this court does consider the appeal. See: Greenstreet v. Greenstreet, 65 Idaho 36, 139 P.2d 239; Fogelstrom v. Murphy, 70 Idaho 488, 222 P.2d 1080; Bicandi v. Boise Payette Lumber Co., 55 Idaho 543, 44 P.2d 1103; Coeur d'Alenes Lead Co. v. Kingsbury, 56 Idaho 475, 55 P.2d 1307.

Appellant Garren, licensed by the State of Idaho to conduct a collection agency, instituted this action against respondent Rollis, who at the time of the events precipitating this litigation, was a Justice of the Peace in the Post Falls Precinct of Kootenai County. Appellant claims damages for the refusal of respondent to issue certain executions or abstracts of judgment submitted by him to her for signature, claiming such an action was merely a ministerial act.

The record before this court, consists of the complaint, motion to dismiss, supported by respondent's affidavit, and affidavit of appellant. From this record the following facts appear:

Prior to July 1, 1959, when the geographical jurisdiction of the justice court was expanded county-wide, appellant filed five separate actions in respondent's Justice Court (no one contends they were filed in the small claims department of the court). At the time appellant advised respondent he wanted the service of process in these actions made by mail to avoid the costs of sheriff's service, and pursuant to the request, summons were mailed to each of the defendants named in those actions. The defendants contacted the respondent either orally or by letter. With the exception of

one case, no hearing was held upon the issues presented by the complaints, nor was notice of any trial given, nor was trial requested by the appellant. One of these defendants did come before the respondent, but a final determination was not had because respondent was unsuccessful in her attempt to get appellant and that defendant together.

Misunderstandings arose between appellant and respondent, and in December 1960, she returned to appellant all files and filing fees. In February 1961, appellant brought forms of judgment in each of the actions and demanded that respondent sign them; she first refused to sign the judgments, but finally complied with the demand "in order to get rid of him". About ten weeks later respondent was asked to execute abstracts of judgment or writs of execution, which she refused, and this suit was instituted.

The trial court granted respondent's motion for summary judgment, and appellant brought this appeal.

The purported service of process by mail on the various defendants was contrary to the applicable statutory provisions (I.C. § 16–302 et seq., and I.R.C.P. 84), and I.R.C.P. 5(b), and would give no jurisdiction to the court to act, in the absence of a voluntary appearance on the part of the respective defendants. I.R. C.P. 4(i) provides:

"The voluntary appearance of a party or the service of any pleading by him is equivalent to personal service of the summons and a copy of the complaint upon him."

What was formerly I.C. § 16–401 provided in effect that in a justice's court, pleadings, "may, except the complaint, be oral or in writing." However, after November 1, 1958, the effective date of the Idaho rules of civil procedure, this section previously designated as a rule of court, was abrogated by I.R.C.P. 81(b) which provides:

"These rules shall apply in justices' and probate courts unless expressly limited to district courts, except insofar as such rules are inapplicable to the organization, powers and course of proceedings in such courts. These rules shall not apply to proceedings in the Small Claims Department of Justices' Courts."

Thus, an oral pleading is no longer accepted in the justice's court and cannot be considered as an appearance by the defendant. There being neither lawful service of process upon nor a voluntary appearance before the court by any of the defendants, the justice court was wholly without jurisdiction of the defendants.

Under the due process clause of the Constitution of the United States, a personal judgment rendered without service of process on, or legal notice to, a defendant, in the absence of a voluntary appearance or waiver is void, and not merely voidable. McDonald v. Mabee, 243 U.S. 90, 37 S.Ct. 343, 344, 61 L.Ed. 608. A judgment cannot be based on void service of process. Ennis v. Casey, 72 Idaho 181, 238 P.2d 435, 28 A.L.R.2d 952. Due process of law envisions opportunity upon reasonable notice for a fair hearing before an impartial tribunal. Yellowstone Pipe Line Co. v. Drummond, 77 Idaho 36, 287 P.2d 288. A void judgment is a nullity, and no rights can be based thereon; it can be set aside on motion or can be collaterally attacked at any time. Miller v. Prout, 33 Idaho 709, 197 P. 1023. Jensen v. Gooch, 36 Idaho 457, 211 P. 551. 30A Am.Jur. 198, Judgments, § 45. For a valid execution to issue it must be supported by a valid judgment. Apple v. Edwards, 123 Mont. 135, 211 P.2d 138; 33 C.J.S. Executions § 8, p. 141.

Thus the trial court was correct in its ruling on the motion for summary judgment, and the order dismissing the action is affirmed.

Costs to respondent.

SMITH, C. J., and TAYLOR, KNUDSON and McQUADE, JJ., concur.