382 P.2d 910

**Wylie A. PRATHER and Ben L. Martin, Plaintiffs-Respondents,**

**v.**

**Gary K. LOYD and Eva Loyd, husband and wife, Defendants-Appellants.**

**No. 9164.**

Supreme Court of Idaho.

June 20, 1963.

William R. Padgett, Boise, for appellants.

Harold A. Ranquist, Boise, for respondents.

SMITH, Justice.

Respondents brought this action for recovery on a promissory note of $750.00 executed by appellants in favor of respondent Wylie A. Prather.

The note was given October 19, 1959, by appellants upon their signing an instrument entitled "receipt and agreement to purchase," in which the names of respondent Ben L. Martin and Leelia J. Martin appear as sellers. This note represented a $750.00 earnest money payment under the earnest money agreement and was intended to be in part payment of the purchase price of property situate in Boise, Ada County, Idaho, and described in the instrument as:

"4312 Irving St., Boise, Idaho."

The instrument then recites that the total purchase price is $15,500.00 of which $750.00 is receipted for, "and the balance of the purchase price in the sum of Assuming loan at Idaho Savings & Loan for $14,750.-00 Dollars to be paid as follows: * * * Buyers assume loan w/ Idaho Savings and Loan in the amount of $14,750.", payable in a designated sum per month for a designated period of time, to begin at a designated date.

The instrument then recites that the seller shall furnish purchaser an abstract of title showing merchantable title "to the above described property," or title insurance insuring such title vested in seller, free and clear of liens and encumbrances, "except above mentioned mortgage to Idaho Savings & Loan."

The "loan" or "mortgage" is not otherwise referred to; nor does the instrument indicate or describe what property, if any, is encumbered.

January 15, 1960, respondents commenced this action for collection of the promissory note. Certain allegations contained in respondents' complaint and appellants' defenses thereto are not pertinent to this appeal.

Appellants in their answer admitted placing their names on the promissory note but denied the remaining material allegations of the complaint. They pleaded as affirmative defenses nondelivery of the note, lack of consideration for the note, and that it was void.

Minutes of the trial court of April 13, 1961, show that, upon special verdict, the

jury found that there had been due delivery of the promissory note; and that the issue of consideration was reserved for the court's decision.

August 30, 1961, the trial court entered findings of fact and conclusions of law, and judgment in favor of respondents for the principal sum of $750.00 as due on the promissory note together with interest, attorney fees, and costs.

After entry of judgment, September 8, 1961, appellants filed their motion for an order vacating the judgment, and granting a new trial, alleging error in the following particulars:

Insufficiency of the evidence to sustain the trial court's finding to the effect that appellants executed an earnest money agreement providing for earnest money payment of $750.00, "which was the consideration for the Promissory Note in question," and to sustain the finding "that the terms of the earnest money agreement are clear and unequivocal;"

Insufficiency of the evidence to support the trial court's conclusion of law to the effect that the earnest money receipt and agreement signed by appellants was "a valid and binding contract for the purchase of property as set forth therein and was consideration for the Promissory Note;"

Insufficiency of the evidence to sustain the trial court's conclusions of law, that respondents were entitled to judgment on the promissory note; and

Insufficiency of the evidence to sustain the judgment.

Appellants supported their motion by the affidavit of appellants' counsel; therein he alleges, though the parties stipulated that the method of describing the property in the receipt and agreement to purchase was not objected to, they did not stipulate as regards the accuracy of the description. He then alleges that on April 25, 1961, at a time prior to entry of the findings of fact, conclusions of law and judgment by the trial court, he discovered, by examination of the records in the offices of the Recorder and the Assessor of Ada County, and of the records in the office of the City Engineer of the City of Boise, Idaho, that all such records failed to disclose any property by the designation of "4312 Irving Street, Boise, Idaho," owned by Ben L. Martin and Leelia J. Martin, and alleged the fact to be that there was no such designated parcel of property in Ada County; that there is a 4300 Block on Irving Street, which is situate outside the corporate limits of Boise, Idaho, but that the records in both the Assessor's and Recorder's offices in Ada County, as well as affiant's personal inspection of said block, failed to disclose any designation of 4312 Irving Street. The affidavit in sup-

port of the motion for a new trial then sets out that on April 25, 1961, a time prior to entry of the findings, conclusions and judgment, upon discovering that the receipt and agreement to purchase described a non-existent parcel of property, "this fact was called to the court's attention by affidavit of defendants' [appellants'] counsel thereby contesting the validity of the Receipt and Agreement to Purchase; that in their pleadings the defendants [appellants] had specifically alleged failure of consideration for the note sued upon; that counsel for plaintiffs [respondents] and defendants [appellants] had stipulated that the only consideration for the note sued upon was the Receipt and Agreement to Purchase, and that if said Receipt and Agreement to Purchase was invalid no recovery could be made upon said note."

Respondents did not file any opposing affidavit to appellants' affidavit in support of their motion, as was respondents' right so to do. I.R.C.P. Rule 59(c).

January 19, 1962, the trial court denied appellants' motion for an order vacating the judgment and for a new trial. Appellants thereupon duly perfected an appeal from the judgment and order.

Appellants contend that the trial court erred in finding that they executed an earnest money agreement providing for payment of earnest money of $750.00, "which was the consideration for the Promissory Note," and in finding "that the terms of the earnest money agreement are clear and unequivocal;" also erred in concluding that the receipt and earnest money agreement "was a valid and binding contract for the purchase of property as set forth therein and was consideration for the Promissory Note."

Also erred in entering the judgment, and in denying appellants' motion for an order vacating the judgment and for a new trial.

The showing which appellants submitted to the trial court on April 25, 1961, over four months prior to entry of the judgment, raised the question of the validity of the earnest money agreement and thus whether it constituted consideration for the promissory note. The record shows only that the issue of delivery of the note was litigated before a jury, and that the issue of consideration reserved to the trial court was not litigated, particularly as to the alleged factual matters which may have a bearing upon such issue; and appellants' uncontested affidavit filed April 25, 1961, alleged facts bearing thereon, in regard to which it became the duty of the trial court to allow evidence to be adduced by the parties to the action, thereupon to enter findings and conclusions, and adjudge accordingly.

Due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and Art. 1, § 13 of Idaho's Constitution envisions an opportu-

nity, upon reasonable notice, for a fair hearing.

Appellants' showing by their uncontested affidavit upon their motion to vacate judgment and for a new trial, timely made after judgment, raises the same issue of alleged invalidity of the earnest money agreement and its insufficiency to constitute consideration for the promissory note which, if true, would be grounds for setting aside the judgment.

A judgment or decree is invalid where it has no foundation of procedural due process, as where there is an absence of notice and opportunity to be heard. 16A C.J.S. Constitutional Law, § 625; Yellowstone Pipe Line Company v. Drummond, 77 Idaho 36, 287 P.2d 288; Garren v. Rollis, 85 Idaho 86, 375 P.2d 994.

A void judgment is a nullity, and no rights can be based thereon; it can be set aside on motion or can be collaterally attacked at any time. Garren v. Rollis, 85 Idaho 86, 375 P.2d 994; Jensen v. Gooch, 36 Idaho 457, 211 P. 551; Miller v. Prout, 33 Idaho 709, 197 P. 1023; 30A Am.Jur., Judgments, § 45.

A judgment shown on the face of the judgment-roll to be void may be set aside at any time on motion of party or on the court's own motion. Jensen v. Gooch, 36 Idaho 457, 211 P. 551; Miller v. Prout, 33 Idaho 709, 197 P. 1023; Baldwin v.

Anderson, 51 Idaho 614, 8 P.2d 461; Occidental Life Ins. Co. v. Niendorf, 55 Idaho 521, 44 P.2d 1099; McHan v. McHan, 59 Idaho 496, 84 P.2d 984.

A void judgment, the invalidity of which does not appear on the face of the judgment-roll, may be vacated on motion made within a reasonable time. Miller v. Prout, 33 Idaho 709, 197 P.2d 1023; Armitage v. Horseshoe Bend Co., 35 Idaho 179, 204 P. 1073; Baldwin v. Anderson, 51 Idaho 614, 8 P.2d 461.

Respondents have argued that the issue which appellants seek to raise in their motion to vacate judgment and for a new trial was stipulated out of the case at the pre-trial conference. With this contention we cannot agree. The referred to stipulation went to the method of describing the real property, i. e., by street number, city, county and state, but did not cover the aspect of accuracy of the description nor location of the property. The fact that the real property is alleged by appellants' affidavit to be nonexistent within the legal boundary of Boise, Idaho, being the particular area that the earnest money agreement recites or describes the property to be situate, does not in any wise alter the stipulation as to the mode of description.

The judgment is reversed and the cause remanded with directions to the trial court to grant a new trial, the parties to be

accorded the right to amend their pleadings should they so desire.

Costs to appellants.

KNUDSON, C. J., and McQUADE, Mc-FADDEN and TAYLOR, JJ., concur.