**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 38493**

| | | |
|---|---|---|
| WILFRIDO CUEVAS, | ) | |
| | ) | |
| Plaintiff-Counterdefendant-Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BERNARDINO BARRAZA, an individual and spouse (if any), | ) | Boise, February 2012 Term |
| | ) | |
| Defendant-Counterclaimant-Appellant, | ) | 2012 Opinion No. 56 |
| | ) | |
| and | ) | Filed: March 22, 2012 |
| | ) | |
| LIOBALDO GARZA, an individual and spouse (if any); DOES I THROUGH X, UNKNOWN CLAIMANTS TO THE REAL PROPERTY DESCRIBED IN EXHIBIT "A", COMMONLY KNOWN AS 29452 PEARL ROAD, PARMA, IDAHO, | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| Defendants. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Honorable Gregory M. Culet, District Judge.

The judgment of the district court is <u>affirmed</u> in part, <u>vacated</u> in part, and the case is <u>remanded</u> for further proceedings.

Hall, Friedly & Ward, Mountain Home, for appellant.

Rebecca A. Rainey, P.A., Boise, for respondent.

_____

J. JONES, Justice.

This appeal involves a decade-long fight over title to a piece of real property. Juan Cuevas allegedly agreed to sell the property to Bernardino Barraza in 2001. However, after Barraza failed to pay the purchase price, Juan filed a quiet title action against Barraza. Barraza defaulted. While Barraza was seeking to set aside the default, Juan quitclaimed the property to his relative, Wilfrido

1

Cuevas. Meanwhile, Barraza was successful in setting aside the default on appeal. On remand, Juan defaulted and the district court quieted title in Barraza. Wilfrido then filed the present quiet title action against Barraza, in which the district court found the default judgment against Juan void and quieted title in Wilfrido. For the reasons outlined below, we agree that the default judgment against Juan is void, but we vacate the summary judgment quieting title in Wilfrido as against Barraza.

## I.
## FACTS AND PROCEDURAL HISTORY

Juan Cuevas and Yrene Baez (hereinafter collectively referred to as "Juan") jointly held title to real property commonly known as 29452 Pearl Road, Parma, Idaho, pursuant to a warranty deed recorded in Canyon County on June 15, 1993. In March 2001, Juan allegedly executed a written contract to sell the property to Bernardino Barraza and Liobaldo Garza (hereinafter collectively referred to as "Barraza") for a total purchase price of $80,000.[1]

Barraza claims he paid a total of $22,635 toward the purchase, but then the agreement fell apart. He asserts Juan agreed to repay him $20,000 upon resale of the property if he would vacate the premises, which he did. Barraza claims Juan never repaid any money. In response, on May 6, 2002, Barraza recorded a claim of lien against the property, purportedly securing an "unpaid refund in the amount $20,000.00 for the payments on Real estate Title."[2]

Wilfrido Cuevas claims he began purchasing the property under an oral agreement with Juan in August of 2003. At that time he moved onto the property with his family, began making improvements to it, started paying the property taxes on it, and began making payments to Juan pursuant to the oral agreement.

On April 2, 2007, Juan filed a quiet title action against Barraza, seeking to clear his title of Barraza's purported lien. Barraza failed to respond, and the district court entered a default judgment against him May 15, 2007, which was recorded May 17, 2007. On May 24, 2007, Barraza moved to set aside the default judgment, attaching his proposed Answer and Counterclaim—which included an affirmative request for the court to quiet title in his name—to his attorney's affidavit in support of that motion.

---

[1] The alleged contract constitutes two handwritten pages—one in English (the English Document), one in Spanish (the Spanish Document). Because Baez' signature does not appear on the contract, the parties dispute whether she was involved in this transaction.
[2] The lien was re-recorded on January 31, 2007.

Around June 13, 2007, Wilfrido claims he paid the remaining balance of the purchase price to Juan pursuant to their oral contract, based on his understanding that Juan had successfully quieted title. Juan executed a quitclaim deed transferring his interest to Wilfrido, and Wilfrido claims he researched the Canyon County land records to ensure title was clear before recording it on June 20, 2007.[3]

On June 25, 2007, the district court denied Barraza's motion to set aside the default judgment, and Barraza appealed. On June 25, 2008, the Court of Appeals issued an opinion vacating the default judgment and remanding the case. *Cuevas v. Barraza*, 146 Idaho 511, 198 P.3d 740 (Ct. App. 2008). The Court of Appeals held that (1) Barraza's poor English and mistaken belief that he was being represented by counsel constituted mistake or excusable neglect sufficient to set aside the judgment, and (2) the proposed Answer and Counterclaim served with Barraza's motion presented a meritorious breach of contract defense to the quiet title action. *Id.*

Following issuance of the Court of Appeals opinion, Barraza recorded a *lis pendens* against the property on August 6, 2008. On January 6, 2009, the Court of Appeals entered the Remittitur, and on January 15, 2009, the district court granted Juan's attorney leave to withdraw. Although a copy of the order granting leave to withdraw was mailed to Juan on January 23, 2009, Juan failed to appear. The district court entered default judgment quieting title in Barraza on March 17, 2009, and Barraza recorded the quiet title judgment on March 24, 2009.

After learning that he no longer held title to the property, Wilfrido filed a new suit against Barraza to quiet title on August 7, 2009, and Barraza answered. Wilfrido moved for summary judgment, arguing that the default judgment entered against Juan was void. The district court granted that motion, ruling from the bench that (1) the judgment was void for lack of notice because the Answer and Counterclaim was never properly filed or served on Juan and, (2) alternatively, Wilfrido could collaterally attack the judgment notwithstanding the doctrine of *res judicata* because he was not in privity with Juan.

---

[3] Barraza claims that Wilfrido had several conversations with Barraza about the property and prior sale before Juan initiated his quiet title action. According to Barraza: Wilfrido told Barraza that he knew about the prior transaction but that Juan was planning to sell Wilfrido the property; Wilfrido called him to request copies of payments and documents Barraza had regarding the prior transaction; Wilfrido told Barraza that Barraza should demand a refund of his down payment from Juan so that Wilfrido could buy the property instead; and the two discussed retaining an attorney to ensure that Juan was dealing with them both fairly. Apparently, communication between the two then broke down. However, Wilfrido admits he was generally aware of the lawsuit and Barraza's recorded claim of lien. At summary judgment, Barraza swore that Wilfrido knew at the time he recorded his quitclaim deed about Barraza's claims on the property and, in fact, that was the reason Juan executed only a quitclaim deed.

3

Following limited discovery, Wilfrido again moved for summary judgment, seeking to quiet title in the property and arguing that Barraza did not have a viable unjust enrichment claim against Wilfrido. The district court also granted this second motion, ruling from the bench that (1) Barraza failed to establish a valid claim against the property, and (2) Barraza did not unjustly enrich Wilfrido. The district court denied Barraza's motion to reconsider and entered judgment quieting title in Wilfrido's name. Barraza timely appealed.

## II.
## ISSUES ON APPEAL

I.      Did the district court err in ruling that Barraza's default judgment against Juan is void or, alternatively, that the judgment is not precluded from attack by *res judicata*?

II.     Did the district court err in quieting title in Wilfrido free and clear of any interest claimed by Barraza?

III.    Did the district court err in ruling that Barraza did not have a viable unjust enrichment claim against Wilfrido?

IV.     Is either party entitled to attorney fees?

## III.
## DISCUSSION

### A.      Standard of Review

"On appeal from the grant of a motion for summary judgment, this Court applies the same standard used by the district court originally ruling on the motion." *Mackay v. Four Rivers Packing Co.*, 145 Idaho 408, 410, 179 P.3d 1064, 1066 (2008). Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "[A]ll reasonable inferences that can be drawn from the record are to be drawn in favor of the nonmoving party," and disputed facts will be liberally construed in favor of the nonmoving party. *Mackay*, 145 Idaho at 410, 179 P.3d at 1066. However, the nonmoving party cannot rely on mere speculation, and a scintilla of evidence is insufficient to create a genuine issue of material fact. *Van v. Portneuf Med. Center*, 147 Idaho 552, 556, 212 P.3d 982, 986 (2009). This Court reviews questions of law *de novo*. *Martin v. Camas County ex rel. Bd. of Comm'rs,* 150 Idaho 508, 511, 248 P.3d 1243, 1246 (2011).

4

**B.** **The district court correctly found the prior default judgment against Juan to be void for lack of notice.**

In granting Wilfrido's first motion for summary judgment, the district court found the prior default judgment quieting title in Barraza to be void because Barraza's Answer and Counterclaim requesting that relief was never filed with the court nor served on Juan, except as an attachment to his attorney's affidavit supporting the motion to set aside. On appeal, Barraza argues that the Answer and Counterclaim was either (1) properly filed and served pursuant to I.R.C.P. 5 along with the motion to set aside, or (2) deemed filed and served by virtue of the Court of Appeals' references to, and reliance upon, it in the opinion. Wilfrido responds that simply attaching a proposed pleading to an affidavit supporting a motion, even when the motion and affidavit are properly filed and served, does not constitute filing and service of that pleading. Wilfrido also argues that the Court of Appeals' decision could not operate to deem the Answer and Counterclaim filed.

Generally, "final judgments, *whether right or wrong*, are not subject to collateral attack." *Kukuruza v. Kukuruza*, 120 Idaho 630, 632, 818 P.2d 334, 336 (Ct. App. 1991) (emphasis original). However, a void judgment can be attacked at any time by any person adversely affected by it. *Burns v. Baldwin*, 138 Idaho 480, 486, 65 P.3d 502, 508 (2003). This Court "narrowly construe[s] what constitutes a void judgment." *Hartman v. United Heritage Prop. & Cas. Co.*, 141 Idaho 193, 197, 108 P.3d 340, 344 (2005).

> In order for a judgment to be void, there must generally be some jurisdictional defect in the court's authority to enter the judgment, either because the court lacks personal jurisdiction or because it lacks jurisdiction over the subject matter of the suit. *Puphal v. Puphal*, 105 Idaho 302, 669 P.2d 191 (1983). A judgment is also void where it is entered in violation of due process because the party was not given notice and an opportunity to be heard. *Prather v. Loyd*, 86 Idaho 45, 382 P.2d 910 (1963) …

*Id.* (quoting *McGrew v. McGrew*, 139 Idaho 551, 558, 82 P.3d 833, 840 (2003)). *See also Meyers v. Hansen*, 148 Idaho 283, 191, 221 P.3d 81, 89 (2009). Here, it appears that the district court declared the judgment void because Juan was not given adequate notice of Barraza's affirmative claim to quiet title, due to Barraza's failure to adhere to the I.R.C.P. 5 filing and service requirements.

Rule 5(a) requires that "every pleading subsequent to the original complaint … shall be served upon each of the parties affected thereby." Further, Rule 5(d) states that "[a]ll papers after

5

the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter." Finally, Rule 5(e)(1) provides that filing with the court requires filing with the judge or clerk, at which point "[t]he judge or clerk shall indorse upon every pleading and other paper the hour and minute of its filing."

Although this Court has not specifically addressed the issue, the Court of Appeals has held that service and filing of a motion for leave to file a counterclaim, even where the proposed counterclaim is attached, is not the equivalent of service and filing of the counterclaim itself. *Viafax Corp. v. Stuckenbrock*, 134 Idaho 65, 70, 995 P.2d 835, 840 (Ct. App. 2000). The *Viafax* court reasoned:

> As Viafax argues, receipt of the motion gave it notice only that it could object to a counterclaim being filed and that the motion might be granted. It remained possible that the court would deny the motion, even without an objection from Viafax, or that Stuckenbrock would abandon the effort. Filing and service of the counterclaim itself could be properly accomplished only *after* permission had been obtained from the court. Such service was never performed.
>
> In short, Viafax was never served with a pleading that it was obliged to answer in order to avoid the risk of a default judgment.

*Id.* (citations omitted).

Although the *Viafax* court was addressing a motion for relief from judgment under Rule 60(b)(4), which requires a showing of "surprise," the concept of "surprise" is virtually identical to lack of notice. *See id.* Thus, we find the same logic applies to the present case. The only time Barraza presented the Answer and Counterclaim to Juan and the district court was as an attachment to the affidavit in support of his motion to set aside the default judgment. It was not filed with the clerk with its own file stamp pursuant to Rules 5(d) and (e)(1), or served on Juan pursuant to Rule 5(a). Thus, Juan only received notice that he could oppose the motion to set aside rather than notice of an obligation to respond to the affirmative request for relief in Barraza's pleading.

The civil rules are designed to ensure that each party receives adequate notice and opportunity to be heard. Compliance with Rule 5, in particular, goes to the heart of the notice requirement, and we cannot find that Juan received due process where Barraza's responsive pleading was not individually filed or served in compliance with that rule. Further, the Court of Appeals decision to vacate the default judgment merely permitted Barraza to file and serve the Answer and Counterclaim on Juan; it did not—nor could it—"deem" the pleading filed and served.

6

Thus, the district court in the present case was correct that the prior default judgment against Juan is void.

The parties also dispute the district court's alternative ruling that, even if the prior judgment is not void, it is not precluded from attack by *res judicata* because Wilfrido is not Juan's privy. However, because we agree that the prior judgment is void for lack of notice, we need not address the propriety of the district court's alternative ruling.

**C.      The district court erred in quieting Wilfrido's title on summary judgment because Barraza demonstrated factual issues as to whether Wilfrido took title subject to a statutory claim by Barraza.**

Turning to Wilfrido's second motion for summary judgment, the district court held that Barraza had failed to establish a legally valid claim against the property and therefore quieted title in Wilfrido's name. According to the court, "If a lien is improperly filed as a mechanics lien and the lien is not one otherwise recognized by law, then the lien is a nonconsensual common law lien and is properly subject to a court order removing the lien, Idaho Code § 45-1703." Barraza argues that he established a valid interest in the property and that Wilfrido had notice of his claim so he cannot be a bona fide purchaser. Wilfrido responds that he is the presumptive owner of the property by virtue of the quitclaim deed he received from Juan and that he took title to the property free from any valid claim of Barraza. He asserts that Barraza was unable to show that he held a valid, enforceable interest in the property prior to the recording of the deed.

While the parties spar back and forth over issues that are not particularly relevant—whether the district court should have considered evidence of the oral contract between Juan and Wilfrido to purchase the property, whether Barraza's contract with Juan satisfied the statute of frauds, and whether Barraza was entitled to specific performance of that contract[4]—the pertinent question is whether Barraza presented competent evidence of a legally recognizable claim against the property

---

[4] Although Barraza asserts he is entitled to specific performance of the contract he entered into with Juan in March of 2001, the record discloses several seemingly insurmountable obstacles to such a claim. First and foremost, an examination of Barraza's counterclaim fails to disclose a claim for specific performance. Even if he had alleged such a claim, it is not readily apparent that the contract between the parties complies with the statute of frauds, particularly the requirement that the contract must "either contain a sufficient description of the real property or refer to an external record containing a sufficient property description." *Ray v. Frasure*, 146 Idaho 625, 629, 200 P.3d 1174, 1178 (2009). Neither the Spanish Document nor the English Document contains a legal description of the property. The Spanish Document ends with words translated as, "We need the Ranch's address." The English Document merely describes the ranch as "29452 Pearl Rd., Parma, ID 83660." There are a number of other potential infirmities, such as the lack of Baez' signature on either version of the contract, unclear payment terms, potential application of laches, and no showing that Barraza made a tender of the balance of the purchase price, among other things. Suffice it to say that this is simply not a viable claim and need not be dealt with further here.

7

so as to withstand summary judgment.  The record clearly discloses genuine issues of material fact as to whether Barraza asserted a legally recognized lien against the property and, if so, whether Wilfrido took subject to that lien.

Although Barraza does not specifically identify his claim against the property as a "vendee's lien," his claim certainly appears to fit the elements of that type of statutory lien.  A vendee's lien is described in I.C. § 45-804, as follows:

> One who pays to the owner any part of the price of real property, under an agreement for the sale thereof, has a special lien upon the property, independent of possession, for such part of the amount paid as he may be entitled to recover back, in case of a failure of consideration.

In his claim of lien, which was recorded twice—May 6, 2002, and January 31, 2007—before the quitclaim deed from Juan to Wilfrido, Barraza asserted a lien for "unpaid refund in the amount of $20,000.00 for the payments on Real estate Title."  The lien claim attached and incorporated a valid legal description of the property.  We recently held in *Benz v. D.L. Evans Bank No. 37814*, 152 Idaho 215, ___, 268 P.3d 1167, 1175 (2012), that "it is the payment to the owner of any part of the purchase price of the real property under an agreement of sale that creates the lien."  Barraza's claim of lien indicates that the $20,000 payment had been made on or before January 5, 2002, so presumably the statutory lien attached at or prior to that date.  It should be noted that the lien is created upon the payment of any part of the purchase price and is not dependent upon the recording of a written document.  The claim of lien filed by Barraza in this case does, however, constitute evidence bearing on the question of what notice may have been imparted to subsequent purchasers of the property.

Besides asserting that Barraza established no credible claim against the property, Wilfrido asserts that he was a bona fide purchaser.  The pertinent statute is I.C. § 45-803, which provides, "The liens of vendors and purchasers of real property are valid against every one claiming under the debtor, except a purchaser or encumbrancer in good faith and for value."  In *Benz* we held that "good faith," as used in this statute, means without "actual or constructive knowledge of the applicable lien." *Id*. at ___, 268 P.3d at 1180.  Barraza asserts in his affidavit that Juan was aware of the $20,000 claim he asserted against the property and that Juan knew it was money that had been paid toward the purchase price of the property.  In an affidavit, Wilfrido acknowledged that he was aware Juan had brought a suit against Barraza "because of a $20,000 claim of lien that was filed against the property."  Certainly, the recording and re-recording of the written claim of lien

8

would have put Wilfrido on notice of Barraza's claim. Wilfrido may have questioned the validity of the claim, but he certainly was aware of it and therefore could not be a good faith purchaser under I.C. § 45-803.

This is not to say that Wilfrido may not have defenses against Barraza's claim. We do not opine on that issue, as it has not been presented on appeal. What is apparent is that the district court erred in quieting title in favor of Wilfrido as against Barraza because genuine issues of fact existed as to whether or not Barraza had asserted a legitimate claim against the property. The district court erred in determining that Barraza's claim of lien was not authorized by statute and "constitutes a nonconsensual common law lien, and is invalid and unenforceable," citing I.C. § 45-1702. A vendee's lien is authorized by statute and, therefore, does not fit the description of a nonconsensual lien. Barraza presented sufficient evidence of a vendee's lien to survive summary judgment. The judgment, insofar as it quiets title in Wilfrido against Barraza, is vacated and the case is remanded to determine the issue of Barraza's rights, if any, under I.C. § 45-803.

**D.      The district court correctly ruled that Barraza did not have a viable unjust enrichment claim against Wilfrido.**

The district court summarily dismissed Barraza's unjust enrichment claim against Wilfrido. On appeal, Barraza argues that his improvements and down payment on the property unjustly enriched Wilfrido. Wilfrido argues that those items, even if causing incidental benefit to Wilfrido, were not intended for Wilfrido.

A claim for unjust enrichment requires "that (1) a benefit is conferred on the defendant by the plaintiff; (2) the defendant appreciates the benefit; and (3) it would be inequitable for the defendant to accept the benefit without payment of the value of the benefit." *Teton Peaks Investment Co. v. Ohme*, 146 Idaho 394, 398, 195 P.3d 1207, 1211 (2008). However, the alleged recipient must also be the intended beneficiary. *Hettinga v. Sybrandy*, 126 Idaho 467, 471, 886 P.2d 772, 776 (1994). Accordingly, "[r]ecovery for unjust enrichment is unavailable if the benefits [to the recipient] were created incidentally by [the claimant] in pursuit of his own financial advantage." *Id.*

As Wilfrido argues, while Barraza alleged he made improvements to the property, and that his down payment somehow reduced Wilfrido's purchase price, he failed to demonstrate that either the improvements or the money were intended to benefit Wilfrido. Indeed, Barraza makes no assertion that those benefits were created for any other purpose than his own financial gain, and they only incidentally benefited Wilfrido, if at all. Thus, the district court correctly dismissed

9

Barraza's unjust enrichment claim on summary judgment.

**E.      Neither party is entitled to attorney fees.**

Both parties argue for attorney fees on appeal. Barraza argues for fees under I.C. §§ 12-120 and -121. Wilfrido not only seeks attorney fees under I.C. § 12-121, but also sanctions under I.A.R. 11.2. However, because there was no contract or commercial transaction between Wilfrido and Barraza, and because Barraza did not bring a frivolous appeal, we find no basis to award fees.

**IV.**
**CONCLUSION**

For the reasons outlined above, we affirm the district court's judgment finding Barraza's prior default judgment against Juan void for lack of notice. However, we vacate the district court's quiet title judgment against Barraza. We remand for further proceedings with regard to the vendee's lien issue. We decline to award costs or attorney fees to either party.


Chief Justice BURDICK, and Justices EISMANN, W. JONES and HORTON CONCUR.