# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 40516-2012

| | | |
|---|---|---|
| WILFRIDO CUEVAS, | ) | |
| | ) | Boise, January 2014 Term |
| Plaintiff-Respondent, | ) | |
| | ) | 2014 Opinion No. 17 |
| v. | ) | |
| | ) | Filed: February 11, 2014 |
| BERNARDINO BARRAZA, | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| Defendant-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LIOBALDO GARZA; DOES I THROUGH | ) | |
| X, UNKNOWN CLAIMANTS TO THE | ) | |
| REAL PROPERTY DESCRIBED IN | ) | |
| EXHIBIT "A", COMMONLY KNOWN AS | ) | |
| 29452 PEARL ROAD, PARMA, IDAHO. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, in and for Canyon County. The Hon. Molly J. Huskey, District Judge.

The judgment of the district court is <u>affirmed</u>.

Hall, Friedly & Ward, Mountain Home. Robert W. Ward argued for appellant.

Rebecca A. Rainey, Boise, argued for respondent.

_____

EISMANN, Justice.

This is an appeal out of Canyon County from the grant of a summary judgment dismissing a claim seeking to enforce a vendee's lien in real property. Because the appellant only addressed on appeal one of two possible grounds upon which the district court granted summary judgment, we affirm the judgment of the district court.

# I.
## Factual Background.

Juan Cuevas and Yrene Baez were co-owners of a house located in Canyon County. In March 2001, Juan Cuevas signed a handwritten agreement to sell the house to Bernardino Barraza for the sum of $80,000. Mr. Barraza moved onto the property and asserts that he paid $22,635 toward the purchase price. Juan Cuevas later asked Mr. Barraza to vacate the property and promised to pay him $20,000 upon a later sale of the property. Mr. Barraza agreed and vacated the property. On May 6, 2002, Mr. Barazza recorded a claim of lien in the amount of $20,000 on the property. The form he used was a preprinted form with blanks to be filled in. Although it appeared to be a form intended for a mechanic's or materialman's lien, he typed into a blank a statement indicating that the lien was for "unpaid refund in the amount $20,000.00 for the payments on Real estate Title."

In August 2003, Wilfrido Cuevas moved onto the property and began purchasing it pursuant to an oral agreement with Juan Cuevas and Yrene Baez to buy it for $80,000. He asserts that he made improvements to the property and began paying at least $800 per month toward the purchase price.

On April 2, 2007, Juan Cuevas and Yrene Baez filed a quiet title action against Mr. Barraza, and on May 15, 2007, they obtained a default judgment quieting their title to the property. Mr. Barraza filed a motion to set aside the judgment on May 24, 2007, which the district court denied.[1] Mr. Barraza appealed.

Wilfrido Cuevas asserts that on June 13, 2007, he paid the balance owing on his purchase of the property. On the same date, Juan Cuevas and Yrene Baez executed a quitclaim deed transferring the property to Wilfrido Cuevas, and the deed was recorded on June 20, 2007.

On June 24, 2008, the Court of Appeals issued an opinion reversing the district court's decision refusing to set aside the default judgment against Mr. Barraza in the quiet title action that had been filed by Juan Cuevas and Yrene Baez. *Cuevas v. Barraza*, 146 Idaho 511, 198 P.3d 740 (2008). The case was remanded, and counsel for the plaintiffs in that case withdrew. When they failed to appear in their own behalf or to appear by substitute counsel, a default judgment was entered in favor of Mr. Barraza quieting his title to the property.

---

[1] The Hon. Gregory M. Culet was the district judge.

When Wilfrido Cuevas attempted to pay the real property taxes on the property on June 12, 2009, he learned of the judgment that had been entered in the other lawsuit and that he no longer held title to the property. On August 7, 2009, he filed this quiet title action against Mr. Barraza. The district court granted summary judgment to Wilfrido Cuevas on the grounds that Mr. Barraza failed to establish a valid claim to the property and that he did not unjustly enrich Wilfrido Cuevas. On appeal, we held that there was an issue of fact as to whether Mr. Barraza had a vendee's lien, and we vacated that judgment. *Cuevas v. Barraza*, 152 Idaho 890, 277 P.3d 337 (2012). We stated in the opinion: "This is not to say that Wilfrido may not have defenses against Mr. Barraza's claim. We do not opine on that issue, as it has not been presented on appeal." *Id.* at 896, 277 P.3d at 343.

On remand, Wilfrido Cuevas moved for summary judgment on the ground that the claim to enforce the vendee's lien was barred by the statute of limitations. In response, Mr. Barraza moved for summary judgment on the ground that he has a vendee's lien and his action was not barred by the statute of limitations. In his reply brief, Wilfrido Cuevas argued that Mr. Barraza did not have a vendee's lien because the alleged real estate contract was not enforceable since it did not comply with the statute of frauds. After hearing oral argument on the motions, the district court entered an order on October 15, 2012, granting Wilfrido Cuevas's motion for summary judgment and denying Mr. Barraza's motion.[2] After entry of a judgment quieting title to the property in Wilfrido Cuevas, Mr. Barraza timely appealed.

## II.
### Did the District Court Err in Granting Wilfrido Cuevas's Motion for Summary Judgment?

Wilfrido Cuevas presented two alternative grounds to the district court for granting his motion for summary judgment. One was that a vendee's lien does not attach to real property where the alleged real estate contract is voidable under the statute of frauds, and the other was that the statute of limitations barred the action to enforce a vendee's lien. The district court's order granting summary judgment stated that the court's findings and conclusions were orally rendered on the record at the conclusion of the hearing, but Mr. Barraza has not provided us with a transcript of that hearing. Even if we assume that the district court granted summary judgment

---

[2] The Hon. Molly J. Huskey was the district judge.

on one of those two grounds based upon the arguments presented in the briefing, the record does not reflect the ground upon which the district court relied or the district court's analysis.

Mr. Barraza's briefing in the district court addressed only the statute of limitations defense, and the argument portion of his brief on appeal is merely a copy of his brief to the district court. Thus, he does not address on appeal one of the two alternative grounds that Wilfrido Cuevas presented to the district court for granting his motion for summary judgment. As a result, we must affirm the judgment of the district court. As we recently reiterated in *AED, Inc. v. KDC Investments, LLC*, 155 Idaho 159, 307 P.3d 176 (2013):

> This Court has held that when a district court grants summary judgment on multiple independent grounds, the appellant must successfully challenge all of those grounds to prevail on appeal. For example, in *Weisel v. Beaver Springs Owners Ass'n, Inc.*, the plaintiff sought to rescind a contract on the ground of mutual mistake. 152 Idaho 519, 524, 272 P.3d 491, 496 (2012). The district court granted summary judgment for the defendant on two alternative grounds; merit, and second, that the mutual mistake claim was barred by the statute of limitations. *Id.* at 525, 272 P.2d at 497. We held that "an appellant's failure to address an independent ground for a grant of summary judgment is fatal to the appeal," and declined to consider the claim. *Id.* at 525–26, 272 P.3d at 497–98 (citing *Andersen v. Prof'l Escrow Servs., Inc.*, 141 Idaho 743, 746, 118 P.3d 75, 78 (2005)). Even if the appellant shows that the district court erred in granting summary judgment on some of the grounds, the judgment must be affirmed on the grounds not properly appealed. *Andersen*, 141 Idaho at 746, 118 P.3d at 78 ("[T]he fact that one of the grounds may be in error is of no consequence and may be disregarded if the judgment can be sustained upon one of the other grounds.") (citation omitted). Thus, if an appellant fails to contest all of the grounds upon which a district court based its grant of summary judgment, the judgment must be affirmed.

*Id.* at 164, 307 P.3d at 181.

## III.
### Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Mr. Barraza requests an award of attorney fees on appeal pursuant to Idaho Code sections 12-120 and 12-121. Because he is not the prevailing party, Mr. Barraza is not entitled to an award of attorney fees on appeal under either of those statutes. *VanderWal v. Albar, Inc.*, 154 Idaho 816, 824, 303 P.3d 175, 183 (2013).

Wilfrido Cuevas requests an award of attorney fees on appeal pursuant to Idaho Code section 12-121. Although he states as an issue on appeal that he seeks an award of attorney fees, he did not present any argument as to why he is entitled to an award of attorney fees. "As we held in *Weaver v. Searle Brothers*, 129 Idaho 497, 503, 927 P.2d 887, 893 (1996), where a party requests attorney fees on appeal but does not address the issue in the argument section of the party's brief, we will not address the issue because the party has failed to comply with Idaho Appellate Rule 35." *Morrison v. Northwest Nazarene Univ.*, 152 Idaho 660, 666-67, 273 P.3d 1253, 1259-60 (2012). Therefore, Wilfrido Cuevas is not entitled to an award of attorney fees on appeal.

## IV.
### Conclusion.

We affirm the judgment of the district court. We award respondent costs on appeal, but not attorney fees.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**